ORTMAN v. SMITH et al.

No. 14539.

United States Court of Appeals
Eighth Circuit.

July 17, 1952.

Rehearing Denied Aug. 7, 1952.

Writ of Certiorari Denied Oct. 20, 1952.

See 73 S.Ct. 95.

T. R. Johnson, Sioux Falls, S. D. (C. H. McCay, Salem, S. D., on the brief), for appellant.

F. M. Smith, Sioux Falls, S. D. (M. T. Woods, H. L. Fuller, J. B. Shultz and T. M. Bailey, Jr., Sioux Falls, S. D., on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an action for damages for the wrongful death of Donna Jean Ortman, a minor, who came to her death through the overturning of an automobile in which she was riding as a gratuitous guest at the invitation of the driver. The defendants were the driver of the car, who was a young girl, and her father, who owned the car and had permitted the girl to drive it. Federal jurisdiction attached on removal of the action because of diversity of citizenship and amount involved. At the conclusion of all the evidence on the jury trial the defendants moved for instructed verdict in their favor for insufficiency of evidence to make out a submissible case in view of the South Dakota Guest Statute. Section 44.0362, South Dakota Code of 1939 was in force at the time of the accident. It reads as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has willfully or by want of ordinary care brought the injury upon himself."

Defendants' motion was sustained and there was a verdict and judgment thereon for defendants. The plaintiff appeals.

There was little discrepancy in the testimony of the several witnesses, and viewing the evidence in the light most favorable to the plaintiff, it appeared that on July 15, 1950, defendants were visiting in Canistota, South Dakota, where they had formerly lived. On that day, defendant Clifford Smith gave his daughter, defendant Judith Smith, his automobile to drive. The car was a 1948 model four-door DeSoto sedan and was in good mechanical condition.

Judith was 12 years and 8 months of age at that time. Her father testified that Judith had driven the car alone three or four times prior to the day in question, that she had driven a total of about 500 miles in the two years she had been driving (she had started driving at 10 years of age), and that he considered her a good driver. Plaintiff's deceased daughter, Donna Jean Ortman, was 13 years old at the time and was a friend of Judith.

On the day in question Judith came to the Ortman home and requested Donna Jean's parents to permit Donna Jean to accompany Judith in a ride in the Smith automobile. Judith had the car alone at the time, and Donna Jean's parents knew it and also knew Judith's age. At first, plaintiff refused to let his daughter accompany Judith, but he finally relented and gave Donna Jean permission to go with Judith as long as they did not go outside of the town of Canistota. The two girls made a short trip within the town with Donna Jean's infant sister, then they returned to the Ortman home and leaving the sister there, started on another ride, this time with the consent of Donna Jean's mother only and again with the admonition not to go outside of town.

By the time she returned to the Ortman home to leave the baby sister, Judith had picked up four other young girls, all of them friends of both Donna Jean and Judith. The six girls proceeded to a place called "Stanley Corners", about six miles east of the town of Bridgewater. At that place two boys joined the group, and the eight young people, all in the Smith automobile, went on to Bridgewater. Three of them rode in the front seat—Judith driving, one of the boys on her right, and Donna Jean

on his right. The other five were in the rear seat.

After reaching Bridgewater the group decided to go on to a farm near that town where another friend lived. In order to reach this farm they proceeded on a gravel road east from Bridgewater. The testimony on the trial was consistent that in driving down this gravel road Judith "did not attempt to show off in her driving by swinging the car from one side of the road to the other, or driving on the wrong side of the road, or anything of that description". Instead, she proceeded on her proper side of the road at a rate of speed of about 45 miles per hour in an ordinary manner. She did not know the road where she had to turn off to reach their destination, however, and she went past that intersection. As she did so, one of the girls in the rear seat called out that Judith had missed the turn. Judith then applied the brakes suddenly, but did not jam them to the floor. The car went out of control and off the left, or north, side of the highway. The testimony was that the gravel at that point was rather heavy and loose, and the gist of it was that when the brakes were applied the car skidded on the gravel and went out of control into the ditch. The car went down the ditch a short way and turned over, and Donna Jean Ortman was killed instantly.

Although there was no claim of impropriety in joining the father as owner of the automobile and the daughter as the driver in the one action as defendants, the claim of actionable negligence against each was distinct and different.

■ 1. As to the defendant Judith Smith, it was evident that the deceased Donna Jean Ortman was her guest within the express terms of the South Dakota Statute. She was being "transported by the * * * operator of a motor vehicle as [her] guest without compensation for such transportation" and the Statute specifically denies a cause of action for damages against such operator for death "unless such accident shall have been caused by the willful and wanton misconduct of the * * * operator of such motor vehicle". It is also clear that the entire trip was of social character and that the passengers were there "through the promptings of friendship" and there was nothing to suggest that it "was motivated by a mutual expectation of substantial benefit to the owner or operator". See Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266, 271. That a minor may be a "guest" within the meaning of the term in so-called "guest statutes" seems clear. Peterson v. Denevan, 8 Cir., 177 F.2d 411; Shiels v. Audette, 119 Conn. 75, 174 A. 323, 94 A.L.R. 1206.

■ As Donna Jean Ortman was a guest in the Smith car at the time of the fatal accident no cause of action for damages for her death accrued against Judith Smith, the operator of the car "unless such accident shall have been caused by [her] willful and wanton misconduct", and we find no error in the ruling of the trial court that as a matter of law Judith Smith's conduct did not constitute "willful and wanton negligence" within the South Dakota Statute and decisions under it.

■ In Peterson v. Denevan, supra, at page 413 of 177 F.2d, this court said, "Willful or wanton misconduct under this statute, as interpreted by the Supreme Court of South Dakota means intentionally doing something in the operation of the automobile which should not have been done, or intentionally failing to do something which should have been done under the circumstances, indicating knowledge that an injury to the guest is probable as distinguished from possible." And again in Melby v. Anderson, 64 S.D. 249, 266 N.W. 135, 137, in discussing the same statute here involved, the Supreme Court of South Dakota said: "To bring the conduct of the defendant within the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done under such circumstances that it can be said that he consciously realized that his conduct would in all probability (as distinguished from possibly) produce the precise result which it did produce and would bring harm

to the plaintiff." See also, Granflaten v. Rohde, 66 S.D. 335, 283 N.W. 153; and Elfert v. Witt, S.D., 38 N.W.2d 445.

Applying that standard of conduct here, it is apparent that Judith Smith's conduct in driving her father's automobile at the time of the accident here involved falls far short of "willful and wanton misconduct". Uncontradicted evidence shows that she was not "sky-larking" or "showing off" at the time of the accident. The worst that could be said of her conduct from consideration of all the evidence in the light most favorable to the plaintiff is that Judith failed to operate the car skillfully or made an error in judgment when she applied the brakes on the car so suddenly in the loose gravel. Consideration of the various South Dakota cases, some of which are cited above, convinces that the trial court was clearly not in error when it ruled, as a matter of law, that Judith Smith's conduct in the accident did not constitute "willful and wanton negligence."

2. As to the defendant Clifford Smith.

The plaintiff contended on the trial and argues on this appeal that although defendant Clifford Smith was not present and had nothing to do with the operation of the car that resulted in the accident, he should nonetheless be held for the death on account of his negligence in letting his minor child have the car to drive. The point of the contention meriting discussion is the claim that it was not necessary for plaintiff to show "willful and wanton misconduct" in order to justify recovery of damages against this defendant for the death of her gratuitously transported guest.

■ The trial court considered that the "guest statute" in South Dakota is to be applied to this absent owner. Other states have considered the problem and they uniformly hold, under statutes different in form in most instances, that an absent owner may avail himself of the guest statute. As stated in Benton v. Sloss, Cal.App., 234 P.2d 749, 753, "It would defeat the purpose of the guest law to hold that merely because an owner was not driving the car at the time, he would be liable for ordinary negligence to a guest, when if he were driving, he would not be liable to the guest for such ordinary negligence." To the same effect, see Posey v. Krogh, 65 N.D. 490, 259 N.W. 757; Cunningham v. Bell, 149 Ohio St. 103, 77 N.E.2d 918; Randall v. Stager, 355 Pa. 352, 49 A.2d 689; Hawkins v. Sydnor, 170 Va. 267, 196 S.E. 619.

■ In the case at bar, the only "willful and wanton" misconduct with which Clifford Smith could be charged was the entrusting of his automobile to his 12-year-old daughter. It may be admitted that such entrustment was negligent, if for nothing else in that it violated the South Dakota statute which forbids persons under 15 years of age to drive motor vehicles. (Sec. 44.0329, South Dakota Code of 1939). Defendant Clifford Smith's negligence, however, falls far short of "willful and wanton misconduct" as that term is used in the statute and defined above. Thinking men could not fail to agree that in entrusting his car to his daughter, Clifford Smith did not do so in the belief that injury to guests of his daughter was "probable as distinguished from possible". See Peterson v. Denevan, 8 Cir., supra. When he entrusted his car to Judith, Clifford Smith knew that she had driven some 500 miles, that she had been driving for some two years, that he considered her a good driver, and that to the best of his knowledge she was careful and prudent in her driving. Such background for entrustment, coupled with a parent's natural concern for his child, negatives any thought that in giving the car to Judith defendant gave it to her so recklessly that he considered that injury to her guests was probable.

Aside from the fact that Clifford Smith's conduct, as a matter of law, could not constitute "willful and wanton misconduct", there is the further aspect to the case that, since Judith's conduct as a matter of law was not "willful and wanton misconduct", Clifford Smith's conduct, however it may be characterized, could not be the proximate cause of Donna Jean's death.

It seems that the Supreme Court of the State has not had occasion to rule upon the situation presented by the case against this defendant, but that court has recognized

that the "guest statute" of the state has been adapted from the State of Michigan. It said, in Melby v. Anderson, 64 S.D. 249, 266 N. W. 135, loc. cit. 137: "This statute was taken from the law of Michigan, and will be construed and interpreted in the light of the Michigan decisions relating to it before our Legislature adopted it". Among those Michigan decisions referred to and listed in Melby v. Anderson, supra, is the case of Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 585, 74 A.L.R. 1189. There the plaintiff was injured while riding as a guest in defendant's automobile. The Michigan court said: "The gross negligence charged against defendant was that he requested and caused his brother Clarence to drive the car, knowing that Clarence was 17 years old and an inexperienced, unskillful, and incompetent person to drive an automobile. It further charged that defendant remained in the car, that Clarence was driving at an excessive rate of speed, and, by reason of his inexperience, lack of skill, and incompetency, he lost control of the car, it left the pavement and went into the ditch, injuring plaintiff".

The Michigan court held that that declaration did not charge Clarence with more than ordinary negligence, and then went on to say, "The statute is specific in eliminating ordinary negligence as a basis of liability and requiring the actionable gross negligence or willful or wanton misconduct to be a proximate cause of the accident. Even if defendant's negligence in permitting Clarence to drive was gross, it would not be actionable if Clarence was guilty of no negligence. Riser v. Riser, 240 Mich. 402, 215 N.W. 290. Upon the same reasoning, if the accident was caused only by ordinary negligence on the part of the driver, defendant's gross negligence in permitting him to drive could not have been a proximate cause of the injury. In other words, if Clarence's ordinary negligence be eliminated as a cause, defendant's prior gross negligence had no effect upon the accident."

The trial court evidently adopted and applied substantially the same reasoning. In ruling upon the motion for directed verdict it observed that if negligence on the part of the father in permitting the girl to take the car and negligence on her part in driving it when she was under age were conceded "that has nothing to do with the proximate cause of the accident". It pointed out that there could be no hope of plaintiff's recovery in the action in the absence of proof of negligence in the operation of the car which was the proximate cause of the injury. Being convinced that the negligence in the operation of the car which was the proximate cause of the accident was not "wanton or willful misconduct", the court concluded there was no submissible case under South Dakota law.

It is, of course, possible that when the Supreme Court of the State comes to pass on the point here discussed it may decide otherwise. But as stated in Russell v. Turner, 8 Cir., 148 F.2d 562, 564, "All that this court reasonably can be expected to do in reviewing cases governed by state law is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the law."

The trial court's conception and application of the law in this case are permissible under the laws of the State of South Dakota, and therefore it must be held that the action of the trial court in directing a verdict in favor of both defendants was not erroneous.

Affirmed.