[Civ. No. 353. Fifth Dist. June 17, 1964.]

KATHRYN J. RECLUSADO, Plaintiff and Appellant, v. BEULAH MAE MANGUM et al., Defendants and Respondents.

John Kappos for Plaintiff and Appellant.

Cardozo, Trimbur & Nickerson and Robert L. Head for Defendants and Respondents.

CONLEY, P. J.—Kathryn J. Reclusado was awarded $25,000 for serious injuries received in a one-car accident in which the respondents, Beulah Mae Mangum and Marie Bramham, were personally held responsible for primary negligence in the selection of the driver of the car and for interference with his driving. The court granted the motion of the defendants for a new trial and the plaintiff appeals.

Originally, there were additional parties to the litigation besides appellant and respondents. The heirs of Kathryn Ferniza, grandmother of Kathryn, who was killed in the same accident, were fellow plaintiffs. The jury brought in a verdict for $1,100 in favor of these heirs and against Beulah

Mae Mangum and Marie Bramham. The heirs' motion for a new trial on the ground of the insufficiency of the evidence to justify the small verdict was denied and neither side appealed from the judgment in this part of the case so that it has become final. There were also other defendants at the inception of the trial who were dismissed on motion of the plaintiffs' attorney before the case was submitted to the jury. This dismissal covered James T. Mangum, the driver of the car, and his father, Bob Mangum, who had signed the application for his learner's permit. There were thus only two parties defendant left at the time of the verdict, the mother of the minor driver, Beulah Mae Mangum, and the owner of the car, Marie Bramham, who incidentally was an aunt of the driver. Recovery was based wholly on the alleged independent negligence of these defendants and did not involve vicarious liability resulting from negligent operation of the automobile by James T. Mangum.

The trial court did not grant the motion for a new trial on the ground of insufficiency of the evidence to justify the verdict. No mention was made of that ground in the court's order, and it is, therefore, established that the trial court did not determine that the evidence was insufficient to justify the judgment (Code Civ. Proc., § 657; *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 577-579 [12 Cal.Rptr. 257, 360 P.2d 897]; *Yarrow* v. *State of California,* 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]). The only reason for granting the motion as indicated by the court in its memorandum was errors at law in the instructions.

James T. Mangum, 15 years and 7 months of age, had received an instruction permit from the Motor Vehicle Department approximately 18 days before the accident. On May 13, 1961, he was driving his aunt's automobile, a 1956 Pontiac. The occupants of the car were James T. Mangum, driver, seated at the left of the front seat, Kathryn J. Reclusado on the right side of the front seat, Marie Bramham on the left side of the rear seat, Beulah Mae Mangum on the right side of that seat with Kathryn Ferniza between them; Rodney Mangum, aged 18 months, was originally with his mother in the back seat, but, was put over into the front seat next to the driver; it is claimed that the manner of doing this act by the mother was such as to interfere with the driving of the vehicle with the result that the car went off the road, struck a cement culvert, and caused the death of Mrs. Ferniza and the injury of the plaintiff and other occupants of the car.

The theory upon which the plaintiff sued the defendants was as follows:

1) With regard to the mother of the driver, Beulah Mae Mangum, it was claimed that she negligently permitted the driving of the automobile (Veh. Code, § 14607) by a minor son who did not have a right under his instruction permit to drive, as there was no licensed person in the car over 18 years of age who gave immediate supervision to the driving, and because, through the mishandling of the 18-month-old baby, she wilfully interfered with the driver of the vehicle in such manner as to affect his control of the car (Veh. Code, § 21701);

2) The claim against Marie Bramham was that she had violated the provisions of section 14606 of the Vehicle Code by permitting her nephew to drive under a license the conditions of which were not being observed, because there was no qualified person immediately supervising the driving.

The trial court filed a memorandum opinion when it granted the new trial; the judge believed that he should have given an instruction based on the Guest Act, and that consequently the charge to the jury was erroneous.

The Guest Act (Veh. Code, § 17158) on the date of the accident read as follows: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the driver."

The plaintiff's case did not depend upon any theory of vicarious liability. On the contrary, the responsibility of the two women rested upon the following code sections reading on the date of the accident: "No person shall knowingly permit or authorize the driving of a motor vehicle, owned by him or under his control, upon the highways by any person, either as operator or chauffeur, unless the person is then licensed under this code." (Veh.Code, § 14606.)

"No person shall cause or knowingly permit his child, ward, or employee under the age of 21 years to drive a motor vehicle upon the highways, either as operator or chauffeur,

unless such child, ward, or employee is then licensed under this code.'' (Veh.Code, § 14607.)

''No person shall wilfully interfere with the driver of a vehicle or with the mechanism thereof in such manner as to affect the driver's control of the vehicle.'' (Veh. Code, § 21701.) It is true that the injured plaintiff and her grandmother were guests of the defendants. But the courts of this state have held that the phrase ''against any other person legally liable'' contained in section 17158 of the Vehicle Code applies only to vicarious liability.

*Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575], and *Nault* v. *Smith*, 194 Cal.App.2d 257 [14 Cal.Rptr. 889], so hold. In *Nault* v. *Smith, supra,* at page 261, it is said: ''As to the third count, against Mrs. Smith, the court refused to instruct the jury that if it found that Mrs. Smith negligently entrusted the jeep to Debbie and that such negligence proximately caused Skip's injuries, Mrs. Smith would be liable, irrespective of appellant's status. The court, instead, instructed the jury that, if appellant were a guest, the owner would not be liable under any theory except for willful misconduct.'' On page 267 the court stated: ''The third cause of action pleads the independent negligence of Mrs. Smith in sending Debbie on the 'excursion to purchase household supplies' although Mrs. Smith 'knew or . . . should have known' that her daughter 'was not a licensed driver, and was not capable of operating a motor vehicle safely. . . .' '' The court held: ''The issue of Mrs. Smith's negligence was, indeed, a jury question. . . .

''. . . . . . . . . . . . .

''. . . . . . . . . . . . .

''If the jury could, then, have concluded that Mrs. Smith herself was negligent, we must finally determine if the guest statute truncated her liability because she was a 'person legally liable for the conduct' of Debbie, and it was Debbie's conduct that caused the accident.

''We believe the Supreme Court decision in *Benton* v. *Sloss* (1952), 38 Cal.2d 399 [240 P.2d 575], is enlightening upon this issue: the case holds that the guest statute immunizes the ' ''person legally liable for the conduct of such driver'' ' from a vicarious liability to the guest but not from direct responsibility for his own negligence. . . . Sloss sought the protection of the guest statute as to the plaintiff guests but the court said: '[Veh. Code] Section 403 bars actions against the ''driver'' of a vehicle or against ''any other person

legally liable for the conduct of such driver." *The phrase "person legally liable" for the driver's conduct is clearly intended to cover cases in which the owner is vicariously liable for the driver's conduct* because of the relationship of the parties, as principal-agent, or because of imputed negligence under [Veh. Code] section 402. . . . *Section 403 does not limit the common-law liability of the owner of a vehicle for his own negligence as owner.'* (P. 403; emphasis added.)

" . . . . . . . . . . . . .

"Respondents first contend that 'it is *for* the negligence of the unfit driver that the owner of the car is liable even in a case of negligent entrustment.' . . . But the negligence of Debbie is not a necessary concomitant to Mrs. Smith's liability here. Debbie's negligence would be a condition to Mrs. Smith's *vicarious* liability, but it is not to Mrs. Smith's *direct* liability. In the former case the statute protects Mrs. Smith because she *is* the 'other person legally liable for the conduct of the driver,' and her liability would vicariously attach only because of Debbie's negligence. In the latter case Debbie's negligence does not even enter into the picture, and the statute is not involved." (See also: *Jones v. Ayers,* 212 Cal.App.2d 646 [28 Cal.Rptr. 223].)

While a conclusion that the provisions of the Guest Act were not controlling and that an instruction embodying that code section did not have to be given should properly conclude the appeal, we nevertheless feel, in view of the judge's memorandum of opinion, that there are other matters involved in the court's charge that should be reviewed.

■ The trial court gave the following among numerous other instructions to the jury:

"You are instructed that section 12509 of the California Vehicle Code which was in effect at the time of the accident reads as follows:

" 'Any person who is over the age of 15 years and 6 months may apply to the Department for an Instruction Permit. The Department for good cause may issue to the applicant an Instruction Permit which shall entitle the applicant while having the permit in his immediate possession to drive a motor vehicle upon the highways for a period not exceeding six months when accompanied by, and under the immediate supervision of, a licensed driver 18 years of age or over.'

"You are instructed that section 21701 of the California

Vehicle Code which was in effect at the time of the accident provides in part as follows:

"'No person shall wilfully interfere with the driver of a vehicle or with the mechanism thereof in such a manner as to affect the driver's control of the vehicle.'

"If a party to this action violated either of the statutes just read to you, a presumption arises that she was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable.

"To prove that a violation of a statute such as that just read to you was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the person who violated the statute did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances."

It will be noted that the charge relative to the instruction permit could not possibly have referred directly to either of the two defendants or to anyone except the actual driver of the car, and when it was stated that a party was presumably negligent if she violated the statute, the instruction obviously did not refer literally to any possible original negligence of the defendants. In order to have made the situation check with reality, the court should have given an instruction concerning the relationship of the two defendants to the person who held the instruction permit. ■ However, no instruction of this character was offered by either party, and in a civil case it is not essential that the court on its own motion should fill gaps where instructions are not properly proposed by parties to the action. (3 Cal.Jur.2d, Appeal and Error, § 161, pp. 643-646.)

The explicit meaning of certain words contained in section 12509 of the Vehicle Code is not immediately clear where it was stated that the instruction permit is good for a minor of the age of 15 years and 6 months "when accompanied by, and under the immediate supervision of, a licensed driver 18 years of age or over." When is a person under the immediate supervision of a licensed driver? Does the person who is over 18 years of age and who is supposedly giving immediate supervision have to sit in the front seat with the driver? Does he have to make the same observations of the road and of other traffic that a driver is supposed to do? Is

he supposed to instruct the driver frequently and to what extent? There are no explicit statutory guidelines specifically indicated. We believe, however, that it was the intention of the Legislature to leave the question to a jury whether there was anyone 18 years of age or over who was in fact giving immediate supervision to the driving of the car. Each of the words "immediate" and "supervision" has a well-known meaning in the English language; it is for a jury to determine in a given case whether there was compliance with the provisions of the instruction permit which required that there should be someone in the car 18 years of age or over, who was himself or herself the possessor of a license and who would give immediate supervision to the actions and omissions of the operator. It is to be presumed that the jury so acted in this case.

 Another difficulty is presented by a construction of section 21701 of the Vehicle Code, which in applicable part reads as follows: "No person shall wilfully interfere with the driver of a vehicle or with the mechanism thereof in such manner as to affect the driver's control of the vehicle."

This code section also envisaged an investigation of the field of fact by the jurors. What is the meaning of "wilfully interfere with the driver" as used in this section? Respondents' counsel so construes the statute as to require that as a prerequisite to liability there must be a physical interference with the driver's operation, with specific intent to affect the operation itself. It would seem that the intention of the Legislature was broader in scope than respondents believe; evidently the purpose of the provision was to prevent anyone from doing intentionally anything that would unreasonably interfere with the driver in the operation of the vehicle "in such manner as to affect the driver's control" irrespective of whether such person actually intended to affect the operation or not; such construction would better promote safety of the occupants of the car as well as that of other persons using the highway. Many acts which the code section is designed to prevent are not accompanied by an actual wish to interfere directly with the operation of the car, such as turning off the ignition switch, pushing the driver out of the way, or blinding his view of the road by holding some object in front of his eyes. Of course, these acts would be breaches of the code section. But there are even more frequent acts constituting interference with the driver which are reprehensible, and the evidence on behalf of the plaintiff in the

present action seems to present one of them. ▋ When the occupant of a back seat wilfully thrusts a baby forward into the front seat in such a way as to cause a lapse of the driver's control so that an accident will be caused and serious injuries inflicted, it is a dangerous and improper act which the code section in question forbids. ▋ The jury had a right to judge from all of the evidence in the case whether Mrs. Mangum wilfully and negligently interfered with the driver of the vehicle.

▋ We conclude that the trial court erred. The order granting a new trial is reversed.

Brown (R. M.), J., and Stone, J., concurred.

A petition for a rehearing was denied July 14, 1964, and respondents' petition for a hearing by the Supreme Court was denied August 12, 1964.