### Connie HOLBROOK
#### v.
### Stanley RAMSEY and Clifford Ramsey.
### Civ. No. 4340.

United States District Court
N. D. Indiana,
Hammond Division.
May 4, 1966.

Owen Crumpacker, Morton L. Efron, Hammond, Ind., for plaintiff.

Fred Stults, Jr., Gary, Ind., for defendant.

BEAMER, District Judge.

The complaint is in one count and purports to assert claims against defendants Stanley Ramsey and Clifford Ramsey arising out of an automobile accident in which plaintiff was riding as a guest passenger in an automobile driven by defendant Stanley Ramsey and owned by

defendant Clifford Ramsey. Plaintiff seeks to recover from defendant Stanley Ramsey upon a theory of wilful and wanton misconduct pursuant to the Guest Act (Burns' Ann.St. 47–1021). Plaintiff seeks to recover from defendant Clifford Ramsey upon a theory of negligence, alleging that Clifford Ramsey negligently entrusted his automobile to an incompetent driver. The issue raised by defendant Clifford Ramsey's motion to dismiss is whether or not the Guest Act bars a suit against the owner of an automobile for common law negligence in entrusting the vehicle to an incompetent driver. We hold that such an action is barred.

The issue involved herein is discussed at considerable length in the annotation at 91 A.L.R.2d 323, wherein two divergent views on the subject are analyzed. Most jurisdictions hold that Guest statutes similar to the statute in force in Indiana do bar a suit by a guest passenger against an owner of a motor vehicle for the common law tort of negligent entrustment. Since this issue has not been determined by the courts of Indiana, this Court must adopt the rule which represents the fairest, most logical, and well reasoned view, which, presumably, would be adopted by the highest court of this state.

In the opinion of this Court, the rule which bars an action by a guest passenger against the owner of the automobile for negligently entrusting the vehicle to an incompetent driver is the better rule when considered in relation to the policy, purpose and statutory provisions of the Guest Act, which reads as follows:

47–1021 Guest of owner or operator— Right to damages. The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle. (Act 1929, ch. 201, § 1, page 679; 1937, ch. 259, § 1, page 1229.)

Two of the purposes for the enactment of legislation such as this are the prevention of collusion between the parties against an insurer and the legislative determination that a person who permits another to ride as a non-paying passenger should not be liable for injuries sustained by such person resulting from ordinary negligence. Both of these policies could be frustrated if the owner of the vehicle could still be held liable to a guest for negligently entrusting the vehicle to a third person. The owner as well as the person operating the vehicle with his consent are ordinarily covered by insurance. Collusion between an injured guest, the operator and the owner of the auto may still result for the purpose of reaching the funds of an insurer. In addition, if the owner has authorized the operator to invite the guest, the second policy noted above applies. If the owner has forbidden the operator to invite any guests, such guests should not stand in any better position with reference to the owner than guests who are in the auto with his expressed or implied consent. Finally, the statutory language supports the conclusion that a guest's action against the owner for negligent entrustment is barred. If, as defendant contends, the statute was only meant to apply to the actual operation of the vehicle, the legislature could have merely provided that the operator of a motor vehicle shall not be liable for damages sustained by a guest resulting from such operation unless such damages are caused by the operator's wanton or wilful misconduct. However, the statute provides that "the *owner, operator,* or *person responsible* for the operation shall not be liable \* \* \* unless such injuries are caused by the wanton or wilful misconduct of such *operator, owner,* or *person responsible* for the operation of such motor vehicle." This language evidences an intent to insulate the owner as well as the operator

from liability predicated upon negligence for injuries to a guest "while being transported" and "resulting from the operation" of the motor vehicle. This construction is preferable not only because of the policy behind the Guest statute but also because of the language appearing in the statute.

For these reasons, defendant Clifford Ramsey's motion to dismiss the present complaint must be granted. Plaintiff has been given leave to file an amended complaint; plaintiff's attention is called to Rule 10(b) Federal Rules of Civil Procedure.