493 P.2d 304

Lynda Muriel ECKOLS, Plaintiff and Appellant,

v.

Lela Hancock ANDERSON et al., Defendants and Respondents.

No. 12377.

Supreme Court of Utah.

Jan. 26, 1972.

Fuller, Beesley, & Decker, Wilford A. Beesley, Salt Lake City, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a directed verdict to the effect that defendant, Gene Winch, 16 year old minor son of defendant, Claude Winch, was not guilty of "willful misconduct" as contemplated under our "Guest Statute," [1] and that Claude Winch could not be held responsible for any kind of negligence where it is conceded that plaintiff was a guest passenger on a motorcycle owned by the father Claude which he permitted his son Gene to use. Affirmed with costs to the defendants Winch.

The plaintiff says the question of willful misconduct should have been left to the jury. Ordinarily this is true,—but not in a case like this where the trial judge found there was no evidence to support such conduct,—a conclusion with which we agree after reviewing the record here.[2]

The plaintiff also says that under Title 41–2–22, a car owner who permits a minor under 18 to drive his car is liable for damage to a "guest" rider for simple negligence of the driver. Such an urgence flies in the teeth of the guest statute itself, which is prohibitive in nature and all-inclusive as to liability. In clear language it states that "Any person who as a guest accepts a ride in any vehicle . . . and receives or sustains an injury, shall have no right to recovery against the *owner* or *driver* or *person responsible for the operation of such vehicle.*"

To argue that 41–2–22 [3] allows recovery against the father nonetheless, although no recovery can be had for simple or willful negligence, plaintiff concededly being a guest, is simply a non sequitur, as the guest

1. Title 41–9–1, Utah Code Annotated 1953.

2. Ricciuti v. Robinson, 2 Utah 2d 45, 269 P.2d 282 (1954).

3. Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.

statute interdicts such conclusion which a reasonable interpretation of it dictates. We are not impressed with Bisoni v. Carlson[4] a 4–3 Kansas case which seems to be distinguishable. Even were it not, we would have difficulty with it and no inclination to follow it.

CALLISTER, C. J., and ELLETT, TUCKETT, and CROCKETT, JJ., concur.

4. 171 Kansas 631, 237 P.2d 401 (1951).