Anthony **HERSHBERGER**,
Plaintiff-Appellant,

v.

Billy J. **BROOKER** and Todd Rivera,
Defendants-Appellees.

No. 1–1180A330.

Court of Appeals of Indiana,
First District.

June 9, 1981.

Rehearing Denied July 14, 1981.

Buena Chaney, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for plaintiff-appellant.

William W. Drummy, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Anthony Hershberger appeals from an adverse verdict and judgment on his action

for damages for personal injuries. We affirm.

## STATEMENT OF THE FACTS

Hershberger was injured when the automobile in which he was riding as a guest left the roadway, having failed to negotiate a curve at a high rate of speed, and went into a ravine knocking over some small trees and brush. At the time of the incident, Todd Rivera, the driver, was not quite sixteen years of age and did not have a driver's license. Rivera was engaged in driving Hershberger and another young man to a baseball park. The automobile driven by Rivera belonged to Billy J. Brooker, Rivera's guardian, and was furnished to Rivera for that purpose by Brooker, at Brooker's direction, and with full knowledge that Rivera was an underage unlicensed driver.

Hershberger originally sued only Brooker on a theory of negligent entrustment of a motor vehicle to an incompetent driver. Later, he filed an amended complaint in three counts. The first count proceeded against Brooker on the negligent entrustment theory, the second count charged Brooker with wilful or wanton misconduct in entrusting the automobile to Rivera, and the third count, which was directed against Rivera, alleged wilful or wanton misconduct in the operation of the automobile causing Hershberger's injuries.

The trial court granted a motion to dismiss Count I of the amended complaint, and deleted all reference to negligence in the statement of issues. Trial by jury resulted in a verdict in favor of both defendants, Brooker and Rivera.

## ISSUES

1. Does the Indiana guest statute insulate the owner of an automobile from a claim for damages for injuries to a guest in that automobile based upon negligent entrustment of the automobile to an incompetent driver?

2. Was the giving of defendants' instruction number 7, as part of the court's final instruction, reversible error?

## DISCUSSION AND DECISION

### Issue One

Hershberger makes a three pronged attack upon the court's action in dismissing the first count of his amended complaint and in deleting all reference to negligence from the statement of issues presented to the jury. He contends (1) the court's action was procedurally improper, (2) the Indiana guest statute does not apply to the claim against Brooker, and (3) the guest statute, if applicable, grants protection only against claims founded upon negligence, and since Brooker was guilty of negligence per se, he is not insulated from liability by the guest statute. We shall determine these questions in the order stated.

### I.

Brooker filed a motion to dismiss the original complaint based upon the guest statute. Before this motion was ruled upon, the three count amended complaint was filed. The court, on the same day, overruled the motion to dismiss as to the original complaint. Subsequently, a pretrial conference was held on January 24, 1980, wherein the parties were directed to file pretrial statements by April 25, 1980. Defendants filed such statement on February 13, 1980. Hershberger's statement was not filed until May 7, 1980. On May 12, 1980, Brooker and Rivera filed their motion to amend their pretrial statement and amended pretrial statement in which they renewed their previously filed motion to dismiss as to Count I of the amended complaint. The trial court on May 9, 1980, prior to the commencement of the trial on that date, granted the motion to amend, dismissed Count I, and ordered the term "negligence" stricken from all parts of the pretrial statement. The trial then proceeded.

Hershberger contends the trial court's actions were procedurally improper in that there was no pending motion to dismiss, the defendants had filed an answer, the agreed

"pretrial order" was never withdrawn or amended by joint action of the parties or with his consent, defendants did not contend and the trial court did not find that manifest injustice would result from denial of the amendment, the court abused its discretion, and plaintiff was prejudiced by being forced to sustain the greater burden of proving wilful or wanton misconduct rather than negligence.

■ In answer to these contentions, we first observe that no pretrial order defining the issues was ever entered. The parties merely were directed to submit their pretrial statements. Thus, there was no pretrial order which would "control the subsequent course of action, unless modified thereafter to prevent manifest injustice." Indiana Rules of Procedure, Trial Rule 16(J). Second, Count I of the amended complaint was identical to the original complaint to which a motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted, asserting the applicability of the guest statute, had been filed. The amendment asked to renew that motion. Trial Rule 12(H)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted ... may be made *in any pleading* permitted or ordered under Rule 7(A) or by motion for judgment on the pleadings, or *at the trial on the merits.* (Emphasis added.) Since the defendants could have asserted the grounds of their motion by leave to file an additional answer, or at the trial, we perceive no error in the court's allowing the renewal of the motion to dismiss. In addition, since we believe the motion was well-taken and properly sustained, we find no abuse of discretion on the part of the trial court.

■ Hershberger's claim that he was forced to go to trial on the basis of having to prove wilful or wanton misconduct rather than negligence, and was thus prejudiced, likewise is without merit. Both Counts II and III of his amended complaint alleged wilful or wanton misconduct. Thus, no new issue of which he was unaware was suddenly and without notice injected into the proceeding. Further, if Hershberger believed he was being compelled to go to trial on issues he was not prepared to meet, he should have asked for a continuance. No continuance was requested. There was no procedural error requiring reversal.

II.

■ Next, Hershberger contends that the Indiana guest statute is not applicable to his claim against Brooker for negligent entrustment of the automobile to Rivera. He is mistaken.

The Indiana guest statute, Ind.Code 9–3–3–1 provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

The question of whether or not this statute applies to an action brought by a guest against the owner of a motor vehicle who is not the driver but negligently entrusts the vehicle to an incompetent driver has never been decided by the courts of this state. However, the United States District Court for the Northern District of Indiana, *Holbrook v. Ramsey,* (N.D.Ind.1966) 254 F.Supp. 94, in a well reasoned opinion by Judge Beamer, held the guest statute to be applicable in such a case. The court there stated:

"Most jurisdictions hold that Guest statutes similar to the statute in force in Indiana do bar a suit by a guest passenger against an owner of a motor vehicle for the common law tort of negligent entrustment. Since this issue has not been determined by the courts of Indiana, this Court must adopt the rule which represents the fairest, most logical, and well reasoned view, which, presumably, would be adopted by the highest court of this state.

"In the opinion of this Court, the rule which bars an action by a guest passenger against the owner of the automobile for negligently entrusting the vehicle to an incompetent driver is the better rule when considered in relation to the policy, purpose and statutory provisions of the Guest Act, . . .

"Two of the purposes for the enactment of legislation such as this are the prevention of collusion between the parties against an insurer and the legislative determination that a person who permits another to ride as a non-paying passenger should not be liable for injuries sustained by such person resulting from ordinary negligence. . . . Finally, the statutory language supports the conclusion that a guest's action against the owner for negligent entrustment is barred. If, as defendant contends, the statute was only meant to apply to the actual operation of the vehicle, the legislature could have merely provided that the operator of a motor vehicle shall not be liable for damages sustained by a guest resulting from such operation unless such damages are caused by the operator's wanton or wilful misconduct. However, the statute provides that 'the *owner, operator,* or *person responsible* for the operation shall not be liable * * * unless such injuries are caused by the wanton or wilful misconduct of such *operator, owner,* or *person responsible* for the operation of such motor vehicle." This language evidences an intent to insulate the owner as well as the operator from liability predicated upon negligence for injuries to a guest 'while being transported' and 'resulting from the operation' of the motor vehicle. This construction is preferable not only be-

cause of the policy behind the Guest statute but also because of the language appearing in the statute."

254 F.Supp. at 95–96. As pointed out by the court in *Holbrook*, the majority of jurisdictions which have passed upon this question have held the guest statute applicable. *Brown v. Powell*, (1974) Tex., 515 S.W.2d 901; *Forgus v. Hodnett*, (1966) Tex., 405 S.W.2d 337; *Rau v. Kirschenman*, (1973) N.D., 208 N.W.2d 1; *Eckols v. Anderson*, (1972) 27 Utah 2d 74, 493 P.2d 304; *Graham v. Shilling*, (1955) 133 Colo. 5, 291 P.2d 396; *Hardwick v. Bublitz*, (1961) 253 Iowa 49, 111 N.W.2d 309;[1] *Rodgers v. McFarland*, (1966) Tex.Civ.App., 402 S.W.2d 208; *Ortman v. Smith*, (8th Cir. 1952) 198 F.2d 123 (South Dakota law); Annot: 91 A.L.R.2d 323 (1963). *See also, Wagner v. Mines*, (1979) 203 Neb. 143, 277 N.W.2d 672 (holding that before a guest may recover from the owner of an automobile for negligent entrustment, the guest must plead and prove that the owner was guilty of gross negligence); *Tucker v. Fitzgerald*, (1971) Fla.App., 247 So.2d 459 (guest statute insulates owners sued on a negligent entrustment theory from liability based on negligence of operator, unless caused by the gross negligence of the owner or operator). *Contra: Chapman v. Buder*, (1969) 14 Mich.App. 13, 165 N.W.2d 436; *Garrison v. Williams*, (1969) 246 Ark. 1172, 442 S.W.2d 231;[2] *Neilson v. Gambrel*, (1974) 214 Kan. 339, 520 P.2d 1194; *Reclusado v. Mangum*, (1964) 228 Cal. App.2d 8, 39 Cal.Rptr. 157.[3]

In view of the particular wording of the Indiana guest statute extending its protection to the owner of the vehicle, we hereby accept the majority rule and the decision in *Holbrook v. Ramsey, supra,* and hold the

1. *But see: Hardwick v. Bublitz*, (1963) 254 Iowa 1253, 119 N.W.2d 886, another aspect of the same case, where recovery was allowed a guest against a minor driver's parents who were not the owners of the vehicle on a theory of negligence in permitting an underage driver to drive in violation of statute.

2. An Arkansas statute imputed the negligence or wanton misconduct of the driver to a parent who knowingly permitted child under 18 years of age to drive a vehicle on a highway.

3. California guest statute then in force referred to actions by a guest against the *driver*. This case was predicated upon a statute prohibiting a person from knowingly permitting or authorizing an unlicensed driver to drive, permitting child under 21 years of age to drive unless licensed, and prohibiting wilfully interfering with the driver. The guest statute was held inapplicable.

guest statute protected Brooker from liability for negligent entrustment. Brooker, of course, would be liable for wilful or wanton misconduct, if proved, in entrusting his car to Rivera, but the jury found him innocent of any wrongdoing of such character. Thus, it was not error to dismiss Count I of the amended complaint and to eliminate negligence as an issue in this case.

### III.

Hershberger next contends that assuming the guest statute to be applicable to a claim of negligent entrustment, this case is not within the protection thus afforded because Brooker was guilty of *negligence per se*, not just negligence. He attempts to make some distinction between negligence and negligence per se, ascribing some greater degree of culpability to the latter. Specifically, he contends Brooker was guilty of negligence per se in that he violated the provisions of Ind. Code 9–1–4–49 [4] and Ind. Code 9–1–4–51.[5]

■ While it is true that violation of an absolute duty prescribed by statute is negligence per se, 21 I.L.E., *Negligence*, § 10 (1959), the differentiation Hershberger attempts to make between negligence and negligence per se is a distinction without a difference. Negligence per se is negligence as a matter of law rather than negligence as a matter of fact. But both are negligence, no more and no less.

■ In addition, it has been held that the violation of statutes such as IC 9–1–4–49 and 9–1–4–51 prohibiting one from knowingly permitting an unlicensed driver to operate a vehicle do not remove the guest's action against the owner from the protection of the guest statute. *Eckols v. Anderson, supra; Ortman v. Smith, supra; Hardwick v. Bublitz, supra; Rau v. Kirscheman, supra.* We so hold here.

*Issue Two*

It is next contended that the court's giving defendant's instruction number 7 was error. That instruction stated:

"I instruct you that the plaintiff, Anthony Hershberger, was a guest and subject to the Indiana Guest Statute on the date of the accident in question. Therefore, the plaintiff, Anthony Hershberger, in order to recover has the burden of proving wilful and wanton misconduct on the part of either or both defendants.

"Plaintiff, in order to establish wilful misconduct, must establish a course of action on the part of either or both defendants which shows an actual or deliberate intention to cause injury.

"Plaintiff, in order to establish wanton misconduct, has the burden of proving with regard to either or both defendants:

1. That the defendant was conscious of his misconduct;

2. That the defendant was motivated by utter indifference for the safety of his guests;

3. That the defendant had actual knowledge of the specific danger confronting his guest passenger.

"An error in judgment or a mistake, standing alone, on the part of the defendant driver or owner, does not amount to wanton misconduct. The host defendant must have manifested an attitude of 'perverseness' to the guest.

"Mere speed alone, on the part of the host operator or mere intoxication, if proved, on the part of the host owner, is insufficient to establish either willful or wanton misconduct.

"In reaching your determination in this regard, you should consider the entire course of conduct of the host driver and the host owner during all times at issue."

---

4. "It shall be unlawful for any person having any vehicle in his custody to cause or knowingly permit any person to drive such motor vehicle upon the public highways unless such person shall have first obtained a license or permit as provided in chapters 1 through 4 [9–1–1–1— 9–1–4–60] of this article."

5. "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act [9–1–1–1—9–1–4–59]."

At the trial, Hershberger objected to the instruction on the grounds that the first paragraph was repetitious and confusing; that the second paragraph pertaining to wilful misconduct was not the law, citing three cases;[6] that the next paragraph pertaining to wanton misconduct was not the law and was in contravention of the three cases cited, was a misstatement of the law, and placed an unreasonable burden upon the plaintiff. To the fourth paragraph of the instruction, objection was made that in referring to an error in judgment or mistake as not amounting to wanton misconduct, it singled out certain facts and gave them too much emphasis. Objection was also made to the failure to define "manifested an attitude of perverseness." The fifth paragraph was objected to as invading the province of the jury, not telling them that these matters (speed and intoxication) are elements they could consider in determining whether the course of conduct was wilful or wanton, and placing undue emphasis on the facts and evidence concerning intoxication. Generally, for reasons hereinafter stated, we do not consider these objections to be sufficient to meet the requirements of Ind. Rules of Procedure, Trial Rule 51(C) that such objections must state distinctly the matter to which the objection is made and the grounds of the objection. Nevertheless, we shall consider the questioned instruction.

■■■ First, the statement in the first paragraph that Hershberger had to prove wilful *and* wanton misconduct on the part of either or both defendants is incorrect. The guest statute is phrased in the disjunctive. A plaintiff in a guest case must prove wilful *or* wanton misconduct. *Sausaman v. Leininger*, (1957) 237 Ind. 508, 146 N.E.2d 414. However, Hershberger made no specific objection on that ground. His objection that this paragraph misstates the law is unavailing. An objection that an instruction is not a correct statement of the law without stating in what manner it is incorrect is not sufficiently specific to preserve any question on appeal. *Harper v. Goodin*, (1980) Ind.App., 409 N.E.2d 1129; *Whitten; Bailey v. State*, (1975) 263 Ind. 407, 333 N.E.2d 86; *Lutz v. Goldblatt Brothers, Inc.*, (1967) 140 Ind.App. 678, 225 N.E.2d 843, *trans. denied; Powell v. Ellis*, (1952) 122 Ind.App. 700, 105 N.E.2d 348, *trans. denied.* Further, in other instructions it was clearly stated that plaintiff must prove wilful *or* wanton misconduct.

The second paragraph of the instruction attempting to define wilful misconduct as distinguished from wanton misconduct is an inaccurate statement of the law in that it requires proof of conduct "which shows an actual or deliberate intention to cause injury." Although our courts have found the terms "wilful" and "wanton" to be nearly synonymous, *Bedwell v. DeBolt*, (1943) 221 Ind. 600, 50 N.E.2d 875, there is a distinction, though perhaps slight. Wilful misconduct is the intentional failure to do that which should be done. In other words, it is intentionally engaging in misconduct. *Bedwell v. DeBolt, supra.* More precisely, "wilful" implies intent or purpose, while "wanton" involves a reckless disregard of consequences. *Sausaman v. Leininger, supra; Keck v. Kerbs*, (1979) Ind.App., 395 N.E.2d 845, *trans. denied.*[7] Perhaps the term "wil-

---

6. The cases were cited as *"Fuller v. Wiles,* Ind.App., 280 N.E.2d, page 59, and *Keck v. Kerbs,* Ind.App., 395 N.E.2d 845, along with the teaching and instruction of the court contained in *Andert v. Fuchs,* Ind., 394 N.E.2d 931, at page 934 defining the quantum of proof that is necessary in a guest case." (Record at 159.)

7. In *Keck v. Kerbs*, 395 N.E.2d at 847–48, this court, in an opinion by Judge Staton, stated:
"The rule with regard to wanton or wilful misconduct has been generally stated as follows:

'In order to constitute willfulness or wantonness within the meaning of this rule, the acts or conduct of the operator of the motor vehicle causing the injury must be done under circumstances which show that the operator is aware, from his knowledge of existing conditions, that it is probable that injury will result from his acts or omissions, and nevertheless proceeds with reckless indifference as to the consequences, or acts without consideration for others on the highway or without care for their safety; but it is not necessary that the driver should have any ill will toward the person injured or that he intend to

ful misconduct" as applied to guest statute cases was best defined by the Supreme Court of Ohio in *Tighe v. Diamond*, (1948) 149 Ohio St. 520, 80 N.E.2d 122, 127, wherein the court said:

> "'Wilful misconduct' is something more than negligence. 'Wilful misconduct' imports a more positive mental condition prompting an act than does the term 'wanton misconduct.' 'Wilful misconduct' implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. [Citations omitted.] The word, 'wilful,' used in the phrase, 'wilful misconduct,' implies intent, but the intention relates to the misconduct and not merely to the fact that some specific act, such as operating an automobile, was intentionally done. [Citations omitted.] The intention relates to the commission of wrongful conduct, independent of the intent to use certain means with which to carry out such conduct.

> "In order that one may be guilty of 'wilful misconduct,' an actual intention to injure need not be shown. [Citations omitted.] 'Wilful misconduct' includes a wilful tort, or an intent to injure, but an intent to injure is not a necessary element. 'Wilful misconduct' on the part of a motorist, within the contemplation of guest statutes similar to the Ohio guest statute, is either the doing of an act with specific intent to injure his passenger, or, with full knowledge of existing conditions, the intentional execution of a wrongful course of conduct which he knows should not be carried out or the intentional failure to do something which

he knows should be done in connection with his operation of the automobile, under circumstances tending to disclose that the motorist knows or should know that an injury to his guest will be the probable result of such conduct. [Citations omitted.]

> "'There is a "constructive intention as to the consequences, which, entering into the willful, intentional act, the law imputes to the offender, and in this way a charge which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a willful wrong."' [Citations omitted.]"

See also, *Bailey v. Brown*, (1973) 34 Ohio St.2d 62, 295 N.E.2d 672; *Brown v. Rechel*, (1959) 108 Ohio App. 347, 161 N.E.2d 638.

Therefore, it seems clear that although a specific intent to injure may be wilful misconduct, such is not required. What is required is the intentional engaging in the misconduct, the probable result of which would be injury to his guest. To the extent that the instruction here required proof of a specific intent to injure to constitute wilful misconduct, it is wrong. However, the objection to this portion of the instruction was that it was not the law, citing three cases. As we have seen, an objection that an instruction is not the law preserves no issue. An objection to an instruction merely citing authority without explanation of its applicability is not a specific objection. *Lee v. Dickerson*, (1961) 131 Ind.App. 422, 171 N.E.2d 698. No question was preserved as to this portion of the instruction.

The third paragraph of the instruction defining wanton misconduct is a correct statement of the law. *Barrow v. Talbott*, (1981) Ind.App., 417 N.E.2d 917 (trans. pending); *Gibson v. Estate of Holderbaum*,

cause, or deliberately cause, the accident or injury in question.

'More precisely, it has been held that there is a distinction between the terms "willful" and "wanton," as used in such cases, in that "willful" implies intent or purpose, while, "wanton" expresses a reckless disregard of consequences.' [Footnotes omitted.]

60A C.J.S. *Motor Vehicles* § 258 (1969).

"The rule has been stated by Indiana courts as follows:

'Willful or wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences, under circumstances which show that the doer has knowledge of existing conditions and that injury will probably result.' "

(1980) Ind.App., 413 N.E.2d 614 (transfer pending). In *Gibson*, at 615–16, Judge Hoffman stated:

"The test for determining liability under the Guest Statute has been clearly established in Indiana. To be guilty of wanton misconduct, the driver must (1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above and beyond, or in reckless indifference for, the safety of his guest; and, (3) he must do so knowing that his conduct subjects them to a probability of injury. *Brown v. Saucerman* (1957), 237 Ind. 598, 145 N.E.2d 898. In addition to these elements, the court in *Brueckner v. Jones* (1970), 146 Ind.App. 314, 255 N.E.2d 535 set forth four factors to be considered in the evaluation of a guest case.

'a. An error of judgment or a mistake standing alone, on the part of the host, will not amount to wanton or wilful misconduct.

'b. The host must have manifested an attitude adverse to the guest, or of "perverseness," in that the host must have shown he was indifferent to the consequences of his conduct.

'c. The entire course of conduct of the host leading up to the accident must be considered.

'd. The host must have had actual knowledge of danger confronting the guest.'

255 N.E.2d at 543."

We believe the definition of wanton misconduct in the instruction to be squarely within that stated in *Gibson*. Assuming a proper objection, no error has been shown.

The quotation from *Gibson* also disposes of the objection to the fourth paragraph of the instruction. Further, if Hershberger wanted the terms "manifested an attitude of perverseness" to the guest defined, he should have tendered such an instruction. Failure to define legal and technical phrases in instructions is not error unless requested to do so. *Conder v. Hull Lift Truck, Inc.,* (1980) Ind.App., 405 N.E.2d 538 (petition for rehearing pending); *Bar-*

*row v. Talbott, supra; Perez v. State,* (1974) 160 Ind.App. 436, 312 N.E.2d 141.

The objection to the fifth paragraph relating to speed and intoxication was that it did not tell the jury they could consider such elements in determining if the conduct of defendants, or either of them, rose to the level of wilful or wanton, and that it placed undue emphasis on speed and intoxication. First, we do not find the instruction places undue emphasis on speed or intoxication and Hershberger has not enlightened us in this area. That portion of the objection is insufficient. The last paragraph of the instruction advises the jury that in reaching their determination on the issue of wilful or wanton misconduct they "should consider the entire course of conduct of the host driver and the host owner during all of the times at issue." If Hershberger desired a more specific instruction he should have tendered it.

Hershberger also stated in his objection that parts of the instruction were confusing, invaded the province of the jury, and that parts were repetitious. These were bald assertions unaccompanied by any specific demonstration of the alleged confusion or showing of prejudice by the repetition. An objection that an instruction is confusing and misleading is not a specific objection and presents no question on appeal. *Tompkins v. Smith,* (1952) 122 Ind. App. 502, 106 N.E.2d 487; *Barrett v. Stone,* (1952) 123 Ind.App. 191, 108 N.E.2d 201, *trans. denied.* An objection that an instruction invades the province of the jury is insufficient. *Pennsylvania R.R. Co. v. Mink,* (1966) 138 Ind.App. 311, 212 N.E.2d 784. Repetitious instructions are not reversible error where there is nothing in the instructions or in the record to show how the objecting party was harmed. *American Optical Co. v. Weidenhamer,* (1980) Ind. App., 404 N.E.2d 606 (trans. pending); *Drolet, Admix. v. Pennsylvania R. Co.,* (1960) 130 Ind.App. 549, 164 N.E.2d 555, *trans. denied.* Merely a bald statement that an instruction is improper raises no question on appeal. *Whitten; Bailey v. State,* (1975) 263 Ind. 407, 333 N.E.2d 86. Applying the

foregoing rules to this case, it is clear that no specific objections to the challenged instruction were presented which were sufficient to preserve any questions for appellate review. No reversible error has been shown.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.