838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KONDRAT, Plaintiff-Appellant,
v.
Barry M. BYRON; Melvin G. Schaefer; John Zur; George
Kraincic, Defendants-Appellees.
 No. 87-3676.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Judge.
 
 ORDER
 
 1
 This pro se Ohio plaintiff appeals the district court's summary judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff alleged that defendant's failure to enforce city zoning restrictions deprived him of constitutionally protected rights. After consideration of the pleadings, the district court granted defendants' motion for summary judgment and dismissed the complaint pursuant to Fed.R.Civ.P. 56.
 
 
 3
 Upon review, we conclude that summary judgment was proper because plaintiff failed to present any genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). We further conclude that defendants were entitled to summary judgment as a matter of law because plaintiff failed to allege the deprivation of a right or interest cognizable under 42 U.S.C. Sec. 1983. See Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 Additionally, plaintiff's claim is barred by the doctrine of res judicata. Under applicable law, see Vinson v. Campbell County Fiscal Court, 820 F.2d 194 (6th Cir.1987), res judicata bars any subsequent claim that could have been raised in a prior action between the same parties. Johnson's Island, Inc. v. Board of Township Trustees of Danbury Township, 69 Ohio St.2d 241, 421 N.E.2d 672, 675-76 (1982). The record reveals that the underlying civil rights action is plaintiff's fourth attempt to impose civil liability for defendants' failure to enforce zoning law.
 
 
 5
 Accordingly, the district court's judgment entered June 25, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.