100 EIGHTH AVENUE CORP., Appellant, v. FRANK N. MORGENSTERN et al., Respondents, and JOHN BICHLER, Appellant.—Action by 100 Eighth Avenue Corp. to foreclose a second mortgage on real property against one Morgenstern, the present owner of the mortgaged premises, John Bichler and Milton M. Eisenberg, holders of part interests in the second mortgage, and others. Bichler and Eisenberg in their respective answers pleaded causes of action for foreclosure of said mortgage. After trial, the court dismissed the complaint and the causes of action of Bichler and Eisenberg and cancelled the notice of the pendency of the action. Bichler appeals from the judgment entered thereon and 100 Eighth Avenue Corp. appeals from so much of said judgment as dismisses its complaint and cancels the notice of pendency. Judgment modified on the law by adding thereto provisions (1) that the dismissal of the complaint and the cause of action pleaded in the answer of appellant Bichler be conditional on the payment by respondent Morgenstern to appellant Bichler, within 10 days after the service of a copy of the order to be entered hereon, of $30.27 together with an amount equal to such appellant's costs and disbursements in the action up to the entry of the judgment appealed from, and (2) that in the event that such payment be not made judgment of foreclosure and sale shall be entered as demanded in the complaint and the answer of appellant Bichler, with costs. As so modified, judgment unanimously affirmed, without costs. The findings of fact of the Special Term are affirmed. We agree with the determination at Special Term that neither of the appellants was entitled to a judgment of foreclosure and sale because of an alleged impairment of the security of the second mortgage or of alleged default by respondent Morgenstern in the payment of installments of principal on the first mortgage. We also agree with the .determination of the Special Term that respondent Morgenstern could properly .be relieved of an inadvertent default in a payment due to appellant Bichler, in view of the unconscionable and oppressive conduct of appellant Bichler with respect to such default, and of the fact that the trivial default was entirely out of proportion to the harshness of appellant Bichler's position in seeking to declare the entire principal of the mortgage due under an acceleration clause by reason thereof. The judgment, however, makes no provision for the curing of the default or the imposition of terms thereon. (Cf. Domus Realty Corp. v. 3440 Realty Co., 179 Misc. 749, affd. 266 App. Div. 725.) Appellant Bichler should at least have been awarded his costs to date, as a condition of the granting of relief to respondent Morgenstern. Appeal from the judgment insofar as it dismisses the cause of action pleaded in the answer of defendant Eisenberg, dismissed, without costs. Appellant Bichler, a codefendant of Eisenberg, may not appeal from that part of the judgment. Nolan, P. J., Wenzel, Beldock and Ughetta, JJ., concur; Murphy, J., concurs, with the following memorandum: I am of the opinion that when the East Brooklyn Savings Bank and the owner entered into their agreement of August 18, 1954, modifying the terms of the first mortgage by increasing interest and reducing amortization, they thereby made a new agreement that was subsequent to the recorded second mortgage, which second mortgage then became the prior lien. In consequence there was no diminution of security so far as concerns said mortgage by the new and subse-

quent agreement of the bank and mortgagor. They could, of course, enter into any agreement they desired as between themselves, and that is all that the authority cited by the learned Special Term stands for. Priority of the two mortgages is another question. In consequence, I believe that the appellant corporation has misconceived its remedy. In any event, even if that appellant's theory is correct and there has been a diminution of security, its remedy is by way of action for damages for breach of covenant. There has been no default under the acceleration clause which warrants foreclosure. Settle order on notice. [3 Misc 2d 410.]