498 P.2d 352

E. Keith HOWICK, Plaintiff and Respondent,

v.

BANK OF SALT LAKE, Defendant, Third-Party Plaintiff and Appellant,

v.

Richard A. ROBERTS and Roberts Merchandise Mart, a corporation, Third-Party Defendants and Respondents.

No. 12742.

Supreme Court of Utah.

June 2, 1972.

---

Callister, C. J., filed a concurring opinion.

D. Gary Christian and Brent J. Moss of Kipp & Christian, Salt Lake City, for appellant.

E. Keith Howick, pro. se.

Thomas P. Vuyk, Salt Lake City, for third-party defendants and respondents.

ELLETT, Justice:

The defendant, hereafter called the bank, appeals from a summary judgment in favor of Howick.

Howick's corporate client had a certificate of deposit in the amount of $5,000 with the bank which it had pledged for a loan. The corporate client obtained temporary possession of the certificate by telling the bank it needed the certificate to show its auditor in order to make up a prospectus for stock sale purposes. Instead of returning the certificate to the bank as promised, the corporate client assigned it to Howick in payment of attorney's fees which it owed to him. The bank refused to honor the certificate when Howick presented it for payment, and this action was commenced to collect the amount due, together with damages for failure to pay.

▮ The return of pledged property by the pledgee to the pledgor for a temporary, limited, or special purpose does not divest the pledgee of his lien.[1]

The bank claims that there was a material issue of fact existing which would prevent the granting of a summary judgment, to wit: That Howick knew of the existence of the pledge at the time the certificate was given to him by his client. Therefore, if such an issue can be found to exist from the record, a trial would be needed and the matter could not be determined by summary judgment.

Howick filed an affidavit wherein he stated that at the time the certificate was given to him, he had no knowledge of the bank's claim thereto. The bank caused affidavits to be filed wherein it was stated:

1. That the business records reflected that Howick had notice of the pledge.

2. That Richard A. Roberts (the incorporator and personal client of Howick) advised the affiant that Howick was aware of the pledge to the bank at the time he got the assignment of the certificate.

Rule 56(e), U.R.C.P., provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

▮ The affidavits filed by the bank may or may not measure up to the requirements of the rule. However, no motion to strike them was made, and under the circumstances of this case these affidavits are sufficient to require proof as to knowledge of the assignment or lack thereof. Professor Moore [2] states the law as follows:

An affidavit that does not measure up to the standards of 56(e) is subject to a motion to strike; and formal defects are waived in the absence of such a motion or other objection.

1. 72 C.J.S. Pledges § 27 f.

2. 6 Moore Fed.Pro. at page 2817.

This is particularly true where the opposing affidavit of the plaintiff is self-serving and the testimony therein, if given at trial, could be disbelieved by the jury.[3]

The judgment is reversed and the case remanded to the trial court for such further proceedings in harmony with this opinion as are proper. Costs are awarded to appellant.

TUCKETT, HENRIOD, and CROCKETT, JJ., concur.

CALLISTER, Chief Justice (concurring in the result).

I concur in the result of the majority opinion that this matter must be remanded to the trial court; however, I believe the relevant issue to be tried is whether plaintiff was a holder in due course, as provided in Section 70A–3–302(1), U.C.A. 1953.

The certificate of deposit, in the instant action, comports with the requirements of 70A–3–104(1), U.C.A.1953, and, therefore, may be deemed a negotiable instrument. The defendant, bank, claims a security interest therein. Under Section 70A–9–304(1), U.C.A.1953, a security interest in an instrument can be perfected only by the secured party's taking possession, with certain limited exceptions not applicable herein. Under Section 70A–9–309, U.C.A.1953, a holder in due course of a negotiable instrument takes priority over an earlier security interest even though perfected. A filing under Chapter 9, Secured Transactions, does not constitute notice of the security interest to a holder in due course; this principle is reiterated in Section 70A–3–304(5), U.C.A.1953.

The defendant concedes that plaintiff was a holder; the issue to be resolved is whether he took the instrument (a) for value; (b) in good faith; and (c) without notice of the bank's claim to it; so as to qualify as a holder in due course, Section 70A–3–302(1), U.C.A.1953.

The element of value appears to be established, Section 70A–3–303, U.C.A.1953. "Good faith" is defined as honesty in fact in the conduct or transaction concerned, Section 70A–1–201(19), U.C.A.1953. A person has notice of a fact when (a) he has actual knowledge of it; (b) has received notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists, Section 70A–1–201(25), U.C.A.1953. As previously noted, any filing by defendant would not constitute notice so as to defeat plaintiff's status as a holder in due course. Furthermore, mere notice on the part of plaintiff of the existence of a separate agreement (the pledge)

---

3. Fox v. Allstate Insurance Company, 22 Utah 2d 383, 453 P.2d 701 (1969).

does not prevent him from taking in due course. It is only if he had notice of Roberts' default under the separate agreement, which gave rise to defendant's claim against the instrument, that plaintiff is on notice to the same extent as in the case of any other information as to the existence of a claim or defense, Section 70A–3–304(4) (b), U.C.A.1953.[1]

Finally, I do not believe the principle cited in the main opinion is controlling in the instant fact situation, that is, that the delivery of pledged property by the pledgee for a temporary, limited, or special purpose does not divest the pledgee of his lien.

In the Restatement, Security, Section 16, Comment a, p. 63, it is stated:

.  .  .  Possession may be delivered to a pledgor, without terminating the pledge, only for a temporary and limited purpose relating to the maintenance of the value of the pledgee's interest and having to do with the protection, improvement or sale of the chattel, or where the chattel is an instrument or document, its handling or collection. Even in such a case, however, the bona fide purchaser from the pledgor, who has relied on the latter's possession will prevail against the pledgee (see Section 11, Subsection 2, and Comment c).

1. Also see Official Comment, 9 U.C.C.