Robert W. STRANGE, for himself and as Administrator of the Estates of Betty Strange and Brenda Strange, his daughters, Plaintiff and Appellant,

v.

Mary OSTLUND and Troy Ostlund, Defendants and Respondents.

Nos. 15733 and 15722.

Supreme Court of Utah.

April 9, 1979.

Paul T. Moxley of Johnson, Durham, Moxley & McCullough, Jimi Mitsunaga, Salt Lake City, for plaintiff and appellant.

Raymond M. Berry of Snow, Christensen & Martineau, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from summary judgment granted defendants by the District Court for Salt Lake County on separate motions. Two actions arising from a single automobile accident were filed, one against Defendant Troy Ostlund, the minor, unlicensed driver of the automobile, and the other against Defendant Mary Ostlund, Troy's mother and the owner of the automobile. The two actions were consolidated for trial in January, 1977, with a third case arising from the accident which is not appealed here. Summary judgment was granted in favor of Defendant Mary Ostlund on August 3, 1977 and in favor of Defendant Troy Ostlund on February 13, 1978. All statutory references are to Utah Code Annotated, 1953, as amended, unless otherwise specifically indicated.

On July 18, 1976, Defendant Troy Ostlund took his mother's (Defendant Mary Ostlund) car from the parking lot of the Hilton Hotel in Salt Lake City where she was employed. Mary Ostlund claims she was unaware that Troy had taken her car until she was notified that Troy had been involved in an accident, but she did know that Troy had taken her car on numerous occasions prior to the date of the accident and had been issued citations for reckless driving. Troy, fifteen years old at the time of the accident, had no driver's license and had two sets of keys to his mother's car. He had had four sets of keys made, and Mary Ostlund had retrieved two of them.

At his deposition, Troy claimed he drank two beers at his mother's house at about 4:00 p. m. on the day of the accident and then drove six friends to a "keg" party at Storm Mountain in Big Cottonwood Canyon. The group remained at the party for about an hour and a half; they were returning to Salt Lake at approximately 7:00 p. m. when the accident occurred. As the Ostlund vehicle entered a downgrade curve, Troy applied the brakes, causing the car to slide sideways around the curve, ultimately crashing into a bridge abutment. Plaintiff's daughter, Betty Strange, was thrown from the automobile and died instantly. Brenda Strange, also plaintiff's daughter, sustained severe injuries from the accident and died thereafter. Plaintiff Robert Strange, administrator for his daughters' estates, filed a complaint against both Troy and Mary Ostlund.

Summary judgment was granted in favor of Mary Ostlund under Sec. 41–2–22 [1] and in favor of Troy Ostlund under Sec. 41–9–1.[2]

---

1. Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.

2. Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of Utah, and while so

In his complaint, plaintiff alleges that Defendant Troy Ostlund exhibited willful misconduct by knowingly driving when he was not qualified to hold a driver's license, by knowingly failing to exercise reasonable control over the automobile and by driving the automobile at an excessive, dangerous and reckless rate of speed. Plaintiff does not challenge the constitutionality of Utah's Guest Statute, *supra*, or its compatibility with the philosophy of the " 'Utah Automobile No-Fault Insurance Act,' " Sec. 31–41–1 *et seq.*, and we do not raise those issues now *sua sponte*.[3]

In opposing Defendant Troy Ostlund's motion for Summary Judgment, plaintiff filed two affidavits to demonstrate that there were questions of fact concerning Troy's willful misconduct and intoxication. One affiant, after stating his qualifications as an accident investigator and reviewing his method of investigating this accident, concluded that the Ostlund vehicle was traveling at a minimum speed of from 56 to 61 miles per hour, and in all likelihood was traveling in excess of 65 miles per hour at the time of the accident. In his deposition, Troy stated that he was not traveling in excess of 45 miles per hour, which was the speed limit at the place where the accident occurred.

The other affidavit was made by a toxicologist, and, based on the results of a blood alcohol test administered by a chemist to Troy one hour and forty-five minutes after the accident, the affiant concluded that at the time of the accident Troy's blood alcohol level was between 0.07% and 0.10%, providing that there was no alcohol being absorbed from his stomach during that period. Troy indicated at his deposition that he had not consumed alcohol on the day of the accident subsequent to the two beers he drank at his mother's house at 4:00 p. m. The toxicologist's affidavit further stated that if Troy had had nothing further to drink after the two beers, his blood alcohol level would have been negligible by about 6:00 p. m., approximately an hour before the accident.

Defendant Troy Ostlund filed no affidavits in support of his motion for Summary Judgment and, importantly, did not object to the content or adequacy of plaintiff's affidavits or move to strike them as discussed *infra*. In response to plaintiff's appeal, however, Defendant Troy claims that the affidavits do not comport with the requirements of Utah Rules of Civil Procedure 56(e), which provide that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Specifically, Defendant Troy Ostlund asserts that the affidavits constitute expert opinions based not on facts in the record but on hearsay and that neither affidavit is made on personal knowledge of the affiant.

riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. In the event that such person while so riding as such guest, is killed, or dies as a result of injury sustained while so riding as such guest, then neither the estate nor the legal representatives or heirs of such guest shall have any right of recovery against the driver or owner of said vehicle by reason of the death of said guest. If such person so riding as a guest be a minor and sustain an injury or be killed or die as a result of injury sustained while so riding as such guest, then neither the parents nor guardians nor the estate nor legal representatives or heirs of such minor shall have any right of recovery against the driver or owner or person responsible for the operation of said vehicle for injury sustained or as a result of the death of such minor. Nothing in this section shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication or willful misconduct of such owner, driver or person responsible for the operation of such vehicle; provided, that in any action for death or for injury or damage to person or property by or on behalf of a guest or the estate, heirs or legal representatives of such guest, the burden shall be upon plaintiff to establish that such intoxication or willful misconduct was the proximate cause of such death or injury or damage.

3. See, however, my dissenting opinion in *Critchley v. Vance*, Utah, 575 P.2d 187, 189 (1978).

In *Transamerica Title Co. v. United Resources, Inc.*, 24 Utah 2d 346, 471 P.2d 165 (1970), this Court delineated the test for summary judgment:

> When upon the basis of the pleadings, depositions, answers * * *, admissions and affidavits, * * * a party is entitled to judgment as a matter of law, the motion for summary judgment should be granted. [Citations] But if it appears from such "submissions" that there is a dispute as to any issue of fact which would be determinative of the rights of the parties, it should be denied and a trial should be had to resolve the disputed issues.[4]

■ Plaintiff's complaint alleged, and Defendant Troy Ostlund's answer denied, Troy's willful misconduct and intoxication as a cause of the accident, thereby raising the disputed issue of fact in the pleadings. In connection with his motion for summary judgment, defendant introduced his own deposition and those of his mother and of Lonnie Jameson, also a passenger in the Ostlund vehicle, to prove that Defendant Troy was not intoxicated or guilty of willful misconduct which caused the accident. However, plaintiff countered with the two affidavits, noted *supra*. If these affidavits were admissible for consideration by the District Court in the summary judgment motion, they preserve, and even intensify, the disputed question of fact. And, as we have also discussed, affidavits are admissible unless they are not made on personal knowledge, their contents would not be admissible in evidence, or unless the affiant was not competent to testify. We do not here rule on whether the affidavits complied with Rule 56(e). Case law in this jurisdiction establishes that if the opposing party does not move in a timely fashion to object to affidavits or strike them and hence they are admitted, then that party waives the right to show that they do not comply with Rule 56(e) of the Utah Rules of Civil Procedure.[5] The affidavits establish a question of fact, and they were admitted. The summary judgment in favor of Troy Ostlund is reversed.

We next consider whether Defendant Mary Ostlund's motion for summary judgment was properly granted. The District Court, for purposes of granting the motion, viewed the evidence in the light most favorable to the losing party and assumed that Mary Ostlund caused or permitted Troy to drive her automobile, stating:

> This court does not make a finding that Mary Ostlund caused or permitted her son to drive the car. In the event Mary Ostlund did not cause or permit her son to take the car she would not have any liability. Assuming for the purposes of this motion that she did cause or permit her son to drive, then her liability under § 41–2–22 would be limited to "damages caused by the negligence of such minor in driving such vehicle." Both counsel for plaintiffs stated that they relied upon this statute. Plaintiffs were guests at the time of the accident. In order for the plaintiffs to recover it requires more than "negligence." Since Mary Ostlund is only liable for "negligence" this court concludes that the motion must be granted as to Mary Ostlund.

Plaintiff claims summary judgment should not have been granted because the District Court improperly construed Sections 41–2–22 and 41–9–1, *supra*. Defendants support their position on appeal as they did below with *Eckols v. Anderson.*[6] *Eckols*, however, is distinguishable from the instant case. In *Eckols*, this Court upheld the District Court's directed verdict in favor of Defendants automobile-owner and minor driver. Finding that there was no evidence of willful misconduct on the part of the driver to justify a question for the jury, the District Court then ruled, and this Court

**4.** 471 P.2d at 167; see also *Burningham v. Ott*, Utah, 525 P.2d 620, 621 (1974); Rule 56(c), Utah Rules of Civil Procedure.

**5.** *Fox v. Allstate Insurance Company*, 22 Utah 2d 383, 386, 453 P.2d 701, 702, 703 (1969); *Howick v. Bank of Salt Lake*, 28 Utah 2d 64, 66, 498 P.2d 352, 353, 354 (1972).

**6.** 27 Utah 2d 74, 493 P.2d 304 (1972).

affirmed, that there could be no recovery against the owner of the car under Section 41–2–22. Section 41–2–22 creates derivative liability to the owner of the vehicle from the liability of the minor driving with the owner's consent or knowledge.

However, in this case, we have held that there is a question of fact as to Defendant Troy Ostlund's willful misconduct. Even so, under defendants' interpretation of *Eckols*, plaintiffs could not recover against Mary Ostlund under 41–2–22 because derivative liability exists only when (1) the minor driver incurs liability (which under the Guest Statute he can do *only* when his willful misconduct or intoxication caused the damages) and (2) when his liability resulted from his negligence. Under defendants' interpretation of *Eckols*, then, injured guests could never recover against owners of automobiles causing or permitting minors to drive them.

 Since there is a question of fact as to Defendant Troy Ostlund's willful misconduct, *Eckols* does not mandate a no cause of action in this case under 41–2–22. Implicit in conduct amounting to willful misconduct is at least some degree of negligent behavior. Evidence of defendant's intoxication, and his subsequent driving down the canyon may be probative of his negligence. The line of culpability between that conduct which is simply negligent and that conduct which is clearly intentional is a matter of degree. And at some point along that line, accumulated aggravation of negligence amounts to willful misconduct.[7] Terms such as willful negligence, gross negligence, and willful misconduct fall on that line of culpability somewhere between simple negligence and clearly intentional conduct and involve elements of both. A finding of gross negligence does not preclude finding elements of intent, and a finding of willful misconduct does not preclude elements of negligence. For us to hold otherwise would produce a rule of law forever preventing any recovery in favor of a guest against an automobile owner who permitted a minor to drive his automobile. Such a holding would also thwart the legislative policies behind enactment of Section 41–2–22,which are (1) "to protect innocent third parties from the negligence of a minor driver by providing financial responsibility,"[8] and to deter automobile owners from permitting incompetent minor drivers from using their cars. The summary judgment granted in favor of Defendant Mary Ostlund is also reversed.

The case is remanded to the District Court for proceedings consistent with this opinion. Costs to plaintiff.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

7. *See generally Ricciuti v. Robinson*, 2 Utah 2d 45, 48, 269 P.2d 282, 283, 284 (1954).

8. *Phillips v. Tooele City Corporation*, 28 Utah 2d 223, 230, 500 P.2d 669, 674 (1972).