Gaylen J. MATHESON, Plaintiff and Appellant,

v.

Mike PEARSON and Scott Sullivan, Defendants and Respondents.

No. 16565.

Supreme Court of Utah.

Oct. 9, 1980.

Robert W. Miller of Richards, Brandt, Miller, Nelson & Zarr, Salt Lake City, for plaintiff and appellant.

Philip R. Fishler of Strong & Hanni, Salt Lake City, Willard R. Bishop, Michael W. Park, Cedar City, for defendants and respondents.

MAUGHAN, Justice:

The plaintiff appeals the District Court's granting of the defendants' motion for summary judgment. We reverse and remand the matter to the District Court for a trial on the merits. All statutory references are to Utah Code Annotated, 1953, as amended.

The plaintiff, Gaylen Matheson, was employed as a maintenance man at a junior high school in Cedar City, Utah. While unloading supplies from a pickup on January 29, 1976, he was struck on the head by a tootsie pop, which had been thrown from a second floor window of the adjacent school building by the defendant, Mike Pearson.

Mike Pearson's act of throwing the object at the plaintiff was precipitated by a dare from his co–defendant Scott Sullivan. The defendants testified that while they intended to try to hit the plaintiff with the tootsie pop they did not intend to harm him in any way and merely undertook the misadventure as an adolescent prank.

Nevertheless, the blow stunned the plaintiff, who fell to his knees. Later, the plaintiff allegedly became ill, experienced dizziness and eventually lost consciousness. After being taken to the emergency room, the plaintiff was admitted to the hospital and has undergone various medical treatments relating to his head injury. Accompanying these medical expenses the plaintiff contends he has lost income and his physical and mental health have been seriously affected by the incident.

On April 20, 1978, the plaintiff initiated a suit against the defendants to recover damages proximately resulting from their negligent act. In an Amended Answer the defendants averred their actions constituted an intentional assault and battery and, therefore, any suit concerning the incident was governed by the one year statute of limitations found in 78–12–29. Accepting this contention the District Court granted the defendants motion for summary judgment.

The only issue before this Court on appeal is whether or not the act of the defendant in throwing the object at the plaintiff constituted an intentional assault and battery which would remove the plaintiff's action from the four year statute of limitations found in 78–12–25(2).

The gravamen of an assault and battery is the actor's intention to inflict injury.[1] As Justice Traynor explained in *Donnelly v. Southern Pacific Co.*:[2]

"A negligent person has no desire to cause the harm that results from his carelessness. Restatement of Torts, Sec. 282(c). And he must be distinguished from a person guilty of willful misconduct, such as assault and battery, who intends to cause harm."[3]

■ An individual may undertake an intentional act, such as throwing the tootsie pop in this particular case, and if the act is undertaken without an intent to harm or a substantial certainty that harm will result from the act, the actor is not guilty of an intentional tort. Instead, in such a situation, the activity is properly classified as reckless disregard of safety or reckless misconduct.[4]

■ Such reckless misconduct results when a person, with no intent to cause harm, intentionally performs an act so unreasonable and dangerous that he knows or should know, it is highly probable that harm will result.[5] As explained in comment (f) of Section 500, Restatement of Torts, 2d:

"Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong

**1.** *Stricklin v. Parsons Stockyard Company*, 192 Kan. 360, 388 P.2d 824 (1964); *Hackenberger v. Travelers Mutual Casualty Co.*, 144 Kan. 607, 62 P.2d 545 (1936); see also *O'Donoghue v. Riggs*, 73 Wash.2d 814, 440 P.2d 823, 827 (1968) ("An act cannot, however, be considered a battery unless the actor intended to cause a harmful or offensive contact with another person.")

**2.** *Donnelly v. Southern Pacific Co.*, 18 Cal.2d 863, 118 P.2d 465 (1941).

**3.** Id. at 468.

**4.** The existence of the tort of wanton or reckless misconduct was previously acknowledged by this Court in *Ferguson v. Jongsma*, 10 Utah 2d 179, 350 P.2d 404 (1960).

**5.** *Donnelly*, supra note 2, at 468–469; see *Rocky Mountain Produce Trucking Co. v. Johnson*, 78 Nev. 44, 369 P.2d 198 (1962); Rest. Torts, § 500, et seq.; Prosser, Torts, 4th ed., § 34, p. 185.

probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results."[6]

It is this absence of intent to harm which renders reckless misconduct or reckless disregard of safety a form of negligence and not an intentional tort.[7]

In the present case, the trier of fact could find the defendant acted with no intent to harm the plaintiff and their acts did not create a substantial certainty of harm from which a harmful intent can be imputed. Rather, the fact finder could determine the defendants acted in reckless disregard for the safety of the plaintiff, which constitutes a form of negligence governed by the four year statute of limitations found in 78–12–25(2). Therefore, the District Court's summary judgment is reversed and the matter remanded for trial on the merits.

This opinion should not prejudice any issues of fact at the subsequent trial. Our decision merely establishes that considered in a light favorable to the plaintiff at this stage of the proceedings the hypothesis exists that defendant's conduct could constitute reckless misconduct or reckless disregard of safety and the plaintiff should have been given an opportunity to present his case on such a theory.

CROCKETT, C.J., and WILKINS, HALL and STEWART, JJ., concur.

---

**6.** Restatement of Torts, § 500, Comment f, p. 590. See also *Danculovich v. Brown*, Wyo., 593 P.2d 187 (1979).

**7.** See *Hackbart v. Cincinnati Bengals, Inc.*, 601 F.2d 516 (10th Cir. 1979). In *Hackbart* the 10th circuit court of appeals was faced with a problem essentially identical to the one presented here. In that case one of the defendant's football players intentionally struck the plaintiff on the back of the head during a game. The blow resulted in severe neck injuries to Hackbart who initiated a suit grounded in negligence. Due to the absence of any intent to harm, the Court found the action of the opponent ball- player constituted recklessness and thus did not fall under the one year statute of limitations covering assault and battery. After differentiating the intent requirements of recklessness and assault and battery the Court explained: ". . . no reason exists to compel appellant to employ the assault and battery standard which does not comfortably apply fully in preference to the standard which meets this fact situation." at 525. That rationale is equally applicable in the present case; see also *Newman v. Christensen*, 149 Neb. 471, 31 N.W.2d 417 (1948).