**FRANKLIN FINANCIAL, A Utah corporation, Plaintiff and Respondent,**

v.

**NEW EMPIRE DEVELOPMENT COMPANY, a partnership, Ronald S. Cook, Ray W. Lamoreaux, Wendell P. Hansen, Myron B. Child, Jr., Ponderosa Associates, Thomas E. Sawyer, and Hillgate Park Partnership, et al., Defendants and Appellants.**

No. 17857.

Supreme Court of Utah.

Feb. 14, 1983.

Gary A. Atkin, John B. Anderson, R. Dennis Ickes, H. Mifflin Williams, III, John L. McCoy, Salt Lake City, for defendants and appellants.

Ralph J. Marsh, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

This is a suit by the seller of an apartment house to foreclose a contract of sale and recover the amounts due on the contract and five promissory notes. Plaintiffs moved for and were granted summary judgment, the property was sold, and plaintiff retained all the proceeds of the sale. Three junior lienholders appeal, challenging plaintiff's priority and claiming a share of the sale proceeds. We affirm.

On April 1, 1978 plaintiff, Franklin Financial (Franklin), entered into a Uniform Real Estate Contract to sell an apartment complex to defendant New Empire Development Co. (New Empire), a partnership, and its four individual partners. The contract price of $1.2 million was payable in installments with interest at 9½ percent the first year, increasing to 18 percent thereafter. On the same day, apparently as part of the purchase price, New Empire and its individual partners also executed four promissory notes totalling $400,000 due one year later and a fifth note for $48,000 due two years later. The notes bore interest at 9½ percent until due, increasing to 18 percent thereafter. The contract and the notes were secured by an assignment of the buyers' interest in the apartments.

Subsequently, New Empire obtained additional capital from various other sources and conveyed junior security interests in the apartments. Appellants Ponderosa Associates, Hillgate Park, and Thomas Sawyer are three such junior lienholders who recorded their interests between November 1978 and September 1979.

The buyers made some payments on the contract and notes to Franklin, but soon fell into default. To avoid foreclosure, Franklin and New Empire entered into an Extension and Modification Agreement, the date of which is neither in the record nor in the briefs, but it was apparently subsequent to the recording of the appellants' mortgages. The modification provided for payment in full of the contract and the notes by May 1, 1980, and effective January 1, 1980, increased the interest rate on outstanding balances from 18 percent to 10 percent over the fluctuating prime rate. Despite the modification, the buyers were again in default on May 1, 1980.

After several months of fruitless negotiations to reach an out-of-court settlement, Franklin initiated a foreclosure proceeding on December 10, 1980 against New Empire. Franklin also joined as defendants all junior lienholders of record. The three appellants answered, generally denying Franklin's priority, but alleging no factual basis for the denial. Several depositions were taken by the parties, and on April 27, 1981 Franklin filed a motion for summary judgment. Franklin's motion was accompanied by affidavits setting forth the terms of the contract, notes, and modification agreement with New Empire. In addition, the affidavits established the default balances due and set out the relative priorities of Franklin and each of the junior lienholders. None of the defendants, including appellants, filed any opposing affidavits or memoranda in opposition to the motion for summary judgment.

The motion was to be heard on May 7, but several junior lienholders sought and were granted a continuance for additional discovery. Accordingly, the hearing was postponed until May 18. Following oral argument on the motion, a transcript of which is not in the record, the court granted Franklin summary judgment. In its Judgment of Foreclosure and Order of Sale,

dated May 28, the court found the debt due Franklin to be $1,379,236 and ruled "that the interests of all of the defendants in the property securing the obligations to plaintiff are all subordinate to the interests of plaintiff in the property . . . and that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law."

Appellants filed notices of appeal, but failed to file a supersedeas bond pursuant to rules 62(d) and 73(d), Utah R.Civ.P., or obtain a stay of execution of the judgment and sheriff's sale under rule 62(a). The apartments were sold as ordered July 7, 1981 for $1,371,267.20, approximately $100,-000 less than Franklin's total judgment plus interest, attorney fees, and costs. Franklin subsequently obtained a deficiency judgment.

Appellants argue on appeal that entry of summary judgment was error because (1) Franklin's supporting affidavits are defective; (2) there are genuine issues of material fact, such as whether Franklin had priority; and (3) Franklin's priority extends only to amounts due under the contract and notes prior to their modification and not to the additional interest charged subsequent to the modification. Franklin counters that (1) the appeal should be dismissed as moot because the foreclosure sale has already been carried out and the period for redemption has elapsed; (2) appellants waived their objections to Franklin's affidavits by raising them for the first time on appeal; (3) appellants filed no opposing affidavits or documents to raise a genuine issue of material fact; and (4) the modification did not limit the extent of Franklin's priority, and even if it did, appellants were not prejudiced because the deficiency from the sale approximates the amount by which appellants seek to have the judgment reduced.

## I.

■ We first address Franklin's argument that because the foreclosure sale has already been carried out and the period of redemption has passed, the appeal is moot and should be dismissed. An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect. *See, e.g., McRae v. Jackson,* Utah, 526 P.2d 1190 (1974); *Kellch v. Westland Minerals Corp.,* 26 Utah 2d 42, 484 P.2d 726 (1971); *Mikkelsen v. Utah State Tax Commission,* 22 Utah 2d 438, 455 P.2d 27 (1969). Thus, if appellants were seeking on this appeal to prevent the foreclosure sale, and because of their failure to obtain a stay of execution, the sale were legally carried out during the pendency of the appeal and the time for redemption had run, the appeal would be moot. *See, e.g., Crim v. Sorrow,* 243 Ga. 477, 255 S.E.2d 19 (1979); *DuBose v. Gastonia Mutual Savings and Loan Association,* 55 N.C.App. 574, 286 S.E.2d 617 (1982), appeal denied, 305 N.C. 584, 292 S.E.2d 5 (1982); *Lord v. City of Tucson,* 10 Ariz.App. 54, 455 P.2d 1004 (1969). However, appellants seek not to prevent the sale, but to establish their right to a share of the sale proceeds. That relief could be granted even though the sale is already completed and the time for redemption has elapsed.

■ Franklin also contends that the appeal is moot because the sale proceeds were insufficient to cover Franklin's entire primary debt and therefore the proceeds would also be insufficient to pay any of the additional claims of appellants. However, we reject Franklin's contention because if appellants' claims are valid, i.e., that Franklin's priority does not extend to the interest charges based on the amended agreement, then the primary debt would be smaller and the sale proceeds could satisfy the reduced debt and leave a surplus to apply to appellants' debts. *See* U.C.A., 1953, § 78–37–4. On that theory the entire controversy is not moot since, at least on the allegations presented, a live controversy exists. That brings us to the issue of whether summary judgment was properly entered.

## II.

■ In arguing that summary judgment should not have been granted, appellants assert that Franklin's supporting affi-

davits were defective because they were not based on personal knowledge, they contained inadmissible conclusions of law, and they referred to documents that were not attached. *See* Utah R.Civ.P. 56(e). However, it is axiomatic that matters not presented to the trial court may not be raised for the first time on appeal. *E.g., Shayne v. Stanley & Sons, Inc.,* Utah, 605 P.2d 775 (1980); *Edgar v. Wagner,* Utah, 572 P.2d 405 (1977). Furthermore, if, on a motion for summary judgment, an opposing party fails to move to strike defective affidavits, he is deemed to have waived his opposition to whatever evidentiary defects may exist. *Howick v. Bank of Salt Lake,* 28 Utah 2d 64, 498 P.2d 352 (1972); *Fox v. Allstate Insurance Co.,* 22 Utah 2d 383, 453 P.2d 701 (1969); 6 J. Moore & J. Wicker, *Moore's Federal Practice* ¶ 56.22[1], at 56–1330 (2d ed. 1982). In the instant case, the sufficiency of Franklin's affidavits was not challenged in the trial court, and therefore that issue is not properly raised here.

■ Irrespective of the foregoing, appellants also argue that there are genuine issues of material fact appearing on the face of the affidavits which made entry of summary judgment inappropriate. Particularly relied on by appellants is the effect of the modification of the interest rates in the underlying obligations. That modification shows on the face of Franklin's own affidavit. However, the affidavit does not show how much more interest was charged, if any, under the modified rate than under the original rate. Under the circumstances that is not enough to defeat the motion for summary judgment. The opponent of the motion, once a prima facie case for summary judgment has been made, must file responsive affidavits raising factual issues, or risk the trial court's conclusion that there are no factual issues. Rule 56(e). Presumably the modification of the original agreement might have had an effect on Franklin's priority. But that issue cannot be ad-

dressed without an adequate factual foundation showing the extent of the effect, if any, that the interest rate modification had on the debt owed Franklin by New Empire. The language of Rule 56(e) is clear:

When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Thus, when a party opposes a properly supported motion for summary judgment and fails to file any responsive affidavits or other evidentiary materials allowed by Rule 56(e), the trial court may properly conclude that there are no genuine issues of fact unless the face of the movant's affidavit affirmatively discloses the existence of such an issue.[1] Without such a showing, the Court need only decide whether, on the basis of the applicable law, the moving party is entitled to judgment. *See* Rule 56(c); *Olwell v. Clark,* Utah, 658 P.2d 585 (1982); *Lockhart Co. v. Anderson,* Utah, 646 P.2d 678 (1982).

■ Finally, we address appellants' argument that Franklin was not entitled to judgment as a matter of law because the amendment of the contract and notes providing for higher interest charges constituted, in effect, a new and separate agreement having a priority as of the date the amendment was made, and not as of the date of the original contract and notes. If valid, this argument would possibly limit Franklin's foreclosure judgment to the amount recoverable under the pre-amendment terms and entitle appellants to all the sale proceeds above that amount, *see Barbana v. Central-Hudson Steamboat Co.,* 47 F.2d 160, 162 (2nd Cir.1931), or possibly even subject

---

1. We assume, without deciding, that summary judgment may not be entered where the moving affidavits show on their face that there is a material issue of fact. In the instant case, the moving affidavit affirmatively indicated the ex-

istence of the modification, but there was nothing in the affidavit to show that the modification made a material alteration in the primary obligation to such an extent that it prejudiced the junior lienholders.

Franklin to a loss of its priority. *See generally, Heller v. Gate City Building and Loan Association,* 75 N.M. 596, 408 P.2d 753 (1965); *100 Eighth Avenue Corp. v. Morgenstern,* 4 A.D.2d 754, 164 N.Y.S.2d 812 (1957) (concurring opinion). Again, however, the record indicates that this argument was made too late; it was not presented to the trial court prior to the ruling on the motion for summary judgment. Appellants' first assertion of the argument was in their objection to the summary judgment and order of sale filed June 5, 1981, two weeks after the final judgment was announced, and one week after the formal judgment was signed and entered. No hearing on their objections was held. Generally, issues raised for the first time in post-judgment motions are raised too late to be reviewed on appeal. *E.g., McKittrick v. McKittrick,* 520 P.2d 1058 (Colo.Ct.App., 1974); *Williams v. Town of Silver City,* 84 N.M. 279, 502 P.2d 304 (N.M.Ct.App.1972); *State Bank v. Sylte,* 162 Minn. 72, 202 N.W. 70 (1925); 4 C.J.S. *Appeal and Error* § 243 (1957).

Although it is conceivable, but not likely, that the argument was raised orally in the hearing on the motion for summary judgment, there is nothing whatsoever in the record to support that possibility, and there is no such contention in appellants' briefs. For a question to be considered on appeal, the record must clearly show that it was timely presented to the trial court in a manner sufficient to obtain a ruling thereon; we cannot merely assume that it was properly raised. *E.g., Van Dever v. Sears, Roebuck & Co.,* 129 Ariz. 150, 629 P.2d 566 (1981); 4A C.J.S. *Appeal and Error* §§ 709, 1207 (1957). The burden is on the parties to make certain that the record they compile will adequately preserve their arguments for review in the event of an appeal. *E.g., Minnehoma Financial Co. v. Pauli,* Wyo., 565 P.2d 835 (1977). On the basis of the foregoing, we are precluded from addressing the issue on the merits.

Affirmed. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.