**Yupadee STRICKLAND, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, OLDSMOBILE DIVISION, a Delaware corporation; Burchell Trucking, Inc., a Colorado corporation; John Omer Munden, a Colorado resident, Freightways, Inc., a Missouri corporation, and John Does I through V, inclusive, Defendants.**

No. 92–NC–93S.

United States District Court,
D. Utah,
Northern Division.

May 13, 1994.

Douglas M. Durbano, Durbano & Associates, Ogden, UT, for plaintiff.

Dalt J. Lambert, Christensen, Jensen & Powell, J. Anthony Eyre, Kipp & Christian,

H. James Clegg, Snow, Christensen & Martineau, Salt Lake City, UT, Rodney E. Loomer, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, Springfield, MO, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DENYING INDEPENDENT FREIGHTWAYS, INC.'S MOTION TO DISMISS

SAM, District Judge.

This matter came before the court on the plaintiff's motion for leave to file a Second Amended Complaint which would name Independent Freightways, Inc. ("Independent"), a Delaware corporation, as a party defendant in place of Freightways, Inc., a Missouri corporation. In addition, Independent has filed a motion to dismiss any claims against it, which might be set forth in the Amended Complaint. For reasons discussed more fully below, the plaintiff's motion is granted and Independent's motion is denied.

### I.  BACKGROUND

The plaintiff filed her Complaint in this action on August 31, 1992, seeking to recover damages for personal injuries she sustained in an automobile accident on August 9, 1989. She asserted negligence claims against John Omer Munden (the driver of the other vehicle, a semi-tractor trailer) and Burchell Trucking, Inc. (the owner of the trailer). On July 7, 1993, she filed an Amended Complaint which added as a defendant "Freightways, Inc., a Missouri Corporation," alleged to be the lessor of the trailer. Freightways, Inc., answered the Amended Complaint, denying that it was the lessor of the trailer involved in the plaintiff's accident. The plaintiff acknowledged her mistake and stipulated to the dismissal of Freightways, Inc.

The plaintiff then served a summons and copy of the Amended Complaint upon Independent, through its registered agent in Chicago, Illinois, on October 13, 1993. Although the caption of the Amended Complaint still named "Freightways, Inc., a Missouri Corporation," the plaintiff served a summons which had a different caption, listing as a defendant "Independent Freightways, Inc. aka Freightways, Inc."

Independent filed a motion to dismiss on the grounds that it is not the party identified in the Amended Complaint. The Affidavit of Daniel L. Smith, submitted in support of the motion, states that Independent is a Delaware corporation with its principal place of business in Illinois. Independent denies having any offices in Missouri.

Significantly, Independent does not deny that it is the lessor of the trailer.

The plaintiff then sought leave to file a Second Amended Complaint which names "Independent Freightways, Inc., a Delaware corporation," as lessor of the trailer. Independent opposes the amendment on the grounds that the plaintiff's claims against it are now barred by the four-year limitation in Utah Code Ann. § 78–12–25(3).

### II.  DISCUSSION

#### A.  Motion to amend

■ Leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Nevertheless, a court may properly deny leave if the amendment would be futile because the new claims are time-barred. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

#### 1.  Utah's limitation on negligence claims

Under Utah law, which applies in this diversity case, negligence claims are subject to the four-year limitation on an "action for relief not otherwise provided for by law." Utah Code Ann. § 78–12–25(3) (Repl.1992). *See Matheson v. Pearson,* 619 P.2d 321, 323 (Utah 1980); *Sevy v. Security Title Co.,* 857 P.2d 958, 961 (Utah App.1993), *cert. granted,* 870 P.2d 957 (Utah 1994).

Even if the plaintiff's negligence claims against the lessor of the trailer accrued on the date of the accident, August 9, 1989, the plaintiff first asserted those claims within four years when she filed her Amended Complaint on July 7, 1993, naming the corporation which she believed to be the lessor. The main issue, then, is whether the new claims

she wants to assert against Independent would "relate back" to the Amended Complaint.

### 2. *Whether the new claims would "relate back"*

Independent relies on a case which has been overruled, *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). There, the Supreme Court held that amended complaints which correctly identified a defendant who had been misidentified in the original complaints, could not "relate back" to the original complaints under Rule 15(c) of the Federal Rules of Civil Procedure, where it was not shown that the defendant received notice of the actions within the relevant limitation period.

Effective December 1, 1991, Rule 15(c)(3) was amended "to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant." (Advisory Committee Note to Rule 15, 1991 Amendment, ¶ (c)(3).) A recent Seventh Circuit decision explains why the result in *Schiavone* was "incongruous with Rule 15(c)'s equitable history and purpose":

> If a plaintiff files a timely complaint, [Rule 4(m)] requires that each defendant be served with process within 120 days ... on pain of dismissal ... Even though [Rule 4(m)] dictates a dismissal without prejudice, the dismissal effectively operates with prejudice if the statute of limitations has run in the meantime. However, a party properly named in the complaint and then timely served cannot escape on limitations grounds even if ... it has not learned of the lawsuit until after the running of the limitations period.

> But if the plaintiff had named an improper defendant and had then cured that flaw only after the limitations period had run, in the absence of a relation-back principle the newly named defendant would be dismissed even though served with process before the [Rule 4(m)] 120-day period ... had elapsed. Thus a defendant served (say) just 10 days after expiration of the period of limitations would escape suit if the original complaint had contained a misnomer and if that defendant had then been correctly identified just one day after the statute had run, while a defendant who remained unaware of the case for up to 120 days · . . . after the running of the statute of limitations could not plead the statutory bar if the complaint had originally identified that defendant ...

*Woods v. Indiana Univ.–Purdue Univ.,* 996 F.2d 880, 884–85 (7th Cir.1993).

■ Rule 15(c), as amended in 1991, sets forth the requirements for a pleading which "changes the party or the naming of the party against whom a claim is asserted" to relate back to the date of an original pleading. First, the claim must arise out of the same conduct, transaction, or occurrence set forth in the original pleading. Second, the party to be brought in by amendment must have notice of the action, within the 120–day period for service of the summons and complaint, as shown by evidence that the party:

> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).

■ The first requirement is met here because the new claims against Independent arose out of the same occurrence set forth in the Amended Complaint, an automobile accident. The record also supports a finding that the second requirement is met. Independent received notice of the institution of the action when it was served with a summons and copy of the Amended Complaint on October 3, 1993—well within the 120–day period for service. The Amended Complaint stated at the outset that "Freightways, Inc." was believed to be a lessor of the trailer. (Amended Complaint at 1–2.) Thus, Independent knew or should have known, when the Amended Complaint was served upon it, that the claims therein would have been asserted against Independent if the plaintiff had not mistaken the lessor's identity.

In contrast to the rule applied in *Schiavone,* current "Rule 15(c)(3) does not require

that the newly named party receive notice of the suit ... or become aware of the misidentification in the pleadings ... within the prescribed limitations period for the particular cause of action. Rather, it requires that the newly named party receive notice of the suit or become aware of the misidentification in the pleadings within the prescribed period for service of process." *Hill v. United States Postal Serv.*, 961 F.2d 153, 155 (11th Cir. 1992). *See also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 n. 2 (10th Cir.1993) (acknowledging that Rule 15(c) has been amended to overrule *Schiavone* ); *Heinly v. Queen*, 146 F.R.D. 102 (E.D.Pa.1993) (amended complaint related back to the date of the original complaint where newly named defendants received notice of the action within 120 days of the filing of the original complaint, even though they did not receive notice before the statute of limitations would have run).

"If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." (Advisory Committee Note to Rule 15, 1991 Amendment, ¶ (c)(3).) In this case, the plaintiff's Amended Complaint, setting forth claims against a misidentified defendant, were filed within the statutory period, and the intended defendant, Independent, received notice of those claims within 120 days of their filing. Therefore, the court will allow the plaintiff to correct the formal defects in her Amended Complaint by filing a Second Amended Complaint.

### B. Motion to dismiss

Independent was not correctly named as a defendant in the Amended Complaint, and the plaintiff is being granted leave to file a Second Amended Complaint to correct the errors of which Independent complains. Therefore, Independent's motion to dismiss those claims of the Amended Complaint which are asserted against it, is denied as moot.

Of course, the process which was served on Independent could have been quashed as insufficient under Fed.R.Civ.P. 12(b)(4). The summons failed to identify the parties as named in the caption of the Amended Com-

plaint and was directed to a different corporation than any defendant named there. *See* Fed.R.Civ.P. 4(a).

In any event, the insufficiency of process should be corrected when the plaintiff serves Independent with summons and a copy of the Second Amended Complaint.

### III. CONCLUSION

IT IS HEREBY ORDERED as follows:

1. The plaintiff's motion for leave to file a Second Amended Complaint is granted.

2. Independent's motion to dismiss those claims of the plaintiff's Amended Complaint which are asserted against it, is denied as moot.