Guardian DOE, individually and as the parent of Jane Doe, a minor child, Plaintiffs and Appellants,

v.

John DOE, a minor child, Defendant and Appellee.

No. 930221–CA.

Court of Appeals of Utah.

July 14, 1994.

Bradley H. Parker, James W. McConkie, Parker, McKeown & McConkie, and Curtis

C. Nesset (argued), Nygaard, Coke & Vincent, Salt Lake City, for appellant.

Paul S. Felt (argued), David A. Cutt, Ray, Quinney & Nebeker, Salt Lake City, for appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

BENCH, Judge:

Guardian Doe and her minor child, Jane Doe, appeal the trial court's order granting summary judgment in favor of defendant John Doe, an unrelated minor child. We reverse and remand for further proceedings.

## FACTS

At the time of the incidents that gave rise to this action, Jane Doe was approximately seven years old and John Doe was approximately ten years old. John Doe lived with his grandparents, who resided next door to Guardian Doe and Jane Doe.

On several occasions, John Doe took Jane Doe into his grandparents' basement and touched her vaginal area with his hands and his penis and either penetrated or attempted to penetrate her vagina with his penis. Due to these acts, Jane Doe allegedly suffered severe psychological and physical problems, and Guardian Doe allegedly suffered psychological problems and incurred financial expenses because of Jane Doe's required treatment.

Guardian Doe and Jane Doe filed a complaint, claiming negligent supervision by John Doe's mother and grandparents and battery by John Doe. Thereafter, Guardian Doe and Jane Doe amended their complaint, withdrawing their claims for negligent supervision and battery, and adding a negligence claim for reckless disregard against only John Doe.

John Doe filed a motion for summary judgment on the negligence theory, claiming that his acts were intentional, and therefore, not negligent or reckless. The trial court granted the motion, stating that John Doe's "conduct was clearly and fully intentional and cannot be deemed negligent. The conduct was repeated on several different occassions [sic]." Essentially, the trial court held that plaintiffs could not recover based upon a theory of negligence because defendant's actions were intentional. This appeal followed.

## STANDARD OF REVIEW

On appeal from a summary judgment, we view the facts and all inferences fairly drawn from them in the light most favorable to the losing party. *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). A summary judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). Since we resolve only legal issues in reviewing a summary judgment, we do not defer to the trial court's rulings. *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989). Further, "[s]ummary judgment should be granted with great caution in negligence cases." *Apache Tank Lines, Inc. v. Cheney*, 706 P.2d 614, 615 (Utah 1985).

## ANALYSIS

The dispositive issue on appeal is whether a minor's intentional acts bar a party from bringing a negligence claim for reckless disregard. John Doe argues that his repeated sexual acts with Jane Doe were committed intentionally, and therefore, plaintiffs' negligence claim for reckless disregard must fail. We disagree.

An individual's acts can simultaneously give rise to a claim for negligence and a claim for an intentional tort. The two doctrines are not necessarily mutually exclusive, but rather may overlap and coexist on a continuum. The Utah Supreme Court has clarified this point:

> The line of culpability between that conduct which is simply negligent and that conduct which is clearly intentional is a matter of degree. And at some point along that line, accumulated aggravation of negligence amounts to willful misconduct. Terms such as willful negligence, gross negligence, and willful misconduct fall on

that line of culpability somewhere between simple negligence and clearly intentional conduct and involve elements of both. *A finding of gross negligence does not preclude a finding of intent, and a finding of willful misconduct does not preclude elements of negligence.*

*Strange v. Ostlund,* 594 P.2d 877, 881 (Utah 1979) (emphasis added) (footnote omitted); *accord Hackbart v. Cincinnati Bengals, Inc.,* 601 F.2d 516, 524–25 (10th Cir.) (recklessness and assault and battery are liability concepts that are "not necessarily opposed one to the other"), *cert. denied,* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188 (1979). In the present case, the trial court appears to have misunderstood this continuum in holding that defendant's actions could not, as a matter of law, constitute negligence since they were intentional.

 Further, we are bound by *Matheson v. Pearson,* 619 P.2d 321 (Utah 1980). In *Matheson,* defendant, a minor, intentionally threw a "tootsie pop" from the second floor of a school building toward plaintiff. The tootsie pop hit the plaintiff, causing head injuries. Plaintiff filed a complaint based upon a negligence claim. Defendant filed a motion for summary judgment, arguing that plaintiff's negligence claim must fail because defendant's actions were intentional although the harm resulting from his actions was unintentional. The trial court entered summary judgment in favor of defendant. The Utah Supreme Court reversed and remanded, holding that defendant's intentional actions could have constituted reckless misconduct or reckless disregard for the safety of plaintiff. *Id.* at 323. The supreme court noted that reckless misconduct is a form of negligence and is distinguishable from an intentional tort. *Id.* at 322–23.[1]

 In the present case, John Doe was a minor at the time he committed the sexual acts against Jane Doe. Plaintiffs' action was based upon a negligence claim of reckless disregard for the safety of Jane Doe. The trial court granted John Doe's motion for summary judgment based upon the fact that his acts were intentional. Consistent with *Matheson,* we hold that the trial court improperly granted John Doe's motion for summary judgment on plaintiffs' negligence claim and remand the case for resolution of the fact-sensitive issue of whether John Doe's acts constituted reckless misconduct. As stated in *Matheson,* reckless misconduct "results when a person, with no intent to cause harm, intentionally performs an act so unreasonable and dangerous that he knows or should know, it is highly probable that harm will result." *Matheson,* 619 P.2d at 322.[2]

## CONCLUSION

The trial court erred in granting John Doe's motion for summary judgment since it is possible that a given set of facts can simultaneously give rise to a claim for negligence and a claim for an intentional tort.

We therefore reverse the summary judgment and remand the case for further proceedings consistent with this opinion.

**GREENWOOD and JACKSON, JJ.,** concur.

---

1. An intentional tort requires an intent to harm or a substantial certainty that harm will result from the act, while reckless misconduct requires only that there is a "strong probability" that harm may result. *Matheson v. Pearson,* 619 P.2d 321, 322 (Utah 1980).

 "Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results."
 *Id.* at 322–23 (quoting Restatement (Second) of Torts § 500 cmt. f (1965)).

2. While John Doe's minority raises certain presumptions under *Kilpack v. Wignall,* 604 P.2d 462, 466 (Utah 1979), the inquiry remains primarily factual in nature. *Id.; see also Mann v. Fairbourn,* 12 Utah 2d 342, 346, 366 P.2d 603, 606 (Utah 1961). Therefore, the trial court must make a factual determination as to John Doe's capacity to act recklessly.